# Burns *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Passenger—Obstruction in aisle of car—Notice—Presumption.*

1. Where a passenger is injured by anything done or left undone by the carrier, or its employees, in connection with the appliances of transportation, or in the conduct and management of the business relating to the same, the burden of proof is upon the carrier to show that such injury did not result from its negligence. To cast this burden upon the carrier, it must first be shown that the injury complained of resulted from something improper or unsafe in the conduct of the business or in the appliances of transportation; appliances of transportation meaning the roadbed, tracks, cars, engines and all other machinery and equipment furnished by the railroad company and used in connection with the conduct and management of its business. Property belonging to and taken by a passenger into a car is not such an appliance.

2. While it is the duty of the employees of a railroad company to remove the personal baggage of passengers from the aisles of cars, they must, in order to make it their duty to act, have notice that such obstructions are in the aisle, or the obstruction must have remained there for so long a time before the accident that, in the exercise of due care, they would have discovered it before the accident occurred. The mere fact that a piece of baggage is in an aisle and a passenger stumbles over it does not of itself raise any presumption of negligence on the part of the railroad company.

3. In an action by a passenger against a railroad company to recover damages for personal injuries resulting from stumbling over a dress suit case placed by another passenger in an aisle of a passenger car, the questions of the defendant's negligence and the plaintiff's contributory negligence are for the jury, where the evidence tends to show that immediately before the accident plaintiff started to go to a closet in the front of the car; that after he had proceeded part of the way the train entered a tunnel 2,100 feet long; that the car was dimly lighted; that the plaintiff did not stop when the car entered the tunnel, but in his progress stumbled over a dress suit case placed by another passenger in the aisle; that the train was a fast express train which had not stopped for forty-eight miles; that the conductor and porter had passed through the train while the baggage was standing in the aisle, and that plaintiff, according to his own testimony, had not seen the baggage, and the car was so dimly lighted he could not see it.

*Negligence—Damages—Charge—Duty of court.*

4. It is the duty of a trial judge of his own motion and without request to correctly instruct the jury as to the proper measure of damages.

Argued Oct. 2, 1911.   Appeal, No. 119, Oct. T., 1911, by defendant, from judgment of C. P. Cambria Co., Dec. Term, 1909, No. 545, on verdict for plaintiff in case of Patrick Burns v. Pennsylvania Railroad Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before O'CONNOR, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $7,000, on which judgment was entered for $6,000, all above that amount having been remitted.   Defendant appealed.

*Errors assigned* were various instructions.

*H. W. Storey,* for appellant.

*Thomas L. Kerin,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

The negligence charged in the present case was that the appellant railroad company permitted baggage to be placed in the aisle of the car in which appellee was a passenger, so as to obstruct the passageway, thus making it dangerous for passengers. It was also alleged that the car was not sufficiently lighted. Appellee boarded the car at Johnstown en route for Pittsburg. He paid his fare and took a seat in the rear end of a day coach. He was therefore entitled to the privileges and protection afforded passengers generally, no more and no less. At a point west of Greensburg he testified that he had occasion to go to the water-closet, located in the front end of the car, and started to do so. When he had proceeded part way the train entered a tunnel, thus shutting out the natural light and leaving the car dimly lighted by a lamp in the rear. The testimony is conflicting as to whether one or two lamps were burning. The tunnel is 2,100 feet in length and it required the train over half a minute to run through it. Appellee did not stop when the car was darkened by the entrance into the tunnel but proceeded on his way to the water-closet. Near the front of the car a fellow passenger had placed a dress suit case in the aisle at the end of his seat and there was some testimony indicating that some other small baggage was near it. As appellee proceeded on his way he stumbled and fell over the baggage in the aisle and received the injuries for which he seeks to recover damages in this action. In explanation of his mishap he testified that he did not see the obstruction in the aisle until he was in the act of falling. He accounts for his failure to notice the baggage in the aisle on two grounds, first, that he did not know it was there, not having seen it before entering the tunnel, and, second, that the dimly lighted car made it impossible to see distinctly. He was traveling on a fast express train which left Johnstown at 4.05 P. M. and made no stop until it reached East Liberty. He had been aboard the train a little more than an hour and had traveled about forty-

eight miles when the accident occurred. One witness testified that he saw the suit case and a satchel in the aisle soon after leaving Johnstown and that the employees of the railroad company did not cause them to be removed. He also testified that the conductor and a porter passed through the car before the train reached Greensburg and while the baggage was standing in the aisle. Appellant contends that under these facts appellee should not be permitted to recover damages in this action. Several points asking for binding instructions in favor of defendant were submitted at the trial and the refusal to affirm these points is made the subject of five assignments of error. It is argued that the evidence was not sufficient to show negligence on the part of appellant, and that appellee was so clearly guilty of contributory negligence as to require the court to so hold as a matter of law. We are not prepared to accept these extreme views of the case. We agree with the learned court below that both as to the negligence of the defendant, and the contributory negligence of the plaintiff, the case was for the jury. It was not tried or submitted in a manner clearly defining the exact rights and duties of the parties under the law. Under the facts there was no presumption of negligence. The rule is that where a passenger is injured by anything done or left undone by the carrier, or its employees, in connection with the appliances of transportation, or in the conduct and management of the business relating to the same, the burden of proof is upon the carrier to show that such injury did not result from its negligence. But to cast this burden upon the carrier, it must first be shown that the injury complained of resulted from something improper or unsafe in the conduct of the business or in the appliances of transportation: Thomas v. Railroad Company, 148 Pa. 180; Ginn v. Railroad Company, 220 Pa. 552; Sutton v. Railroad Company, 230 Pa. 523. The appliances of transportation referred to in these cases mean the roadbed, tracks, cars, engines, and all other machinery and equipment furnished by the railroad com-

pany and used in connection with the conduct and management of its business. A dress suit case belonging to a passenger is not such an appliance. The duty of caring for such small baggage primarily rests upon the passenger to whom it belongs. A situation sometimes arises in which the carrier may also have a duty to perform. It is the duty of the carrier to provide reasonably safe means of ingress and egress to its cars for passengers, and this includes aisles and passageways. In the case at bar it is not contended that the aisle as constructed was unsafe or that it did not furnish ample room for the purpose intended. Neither is it contended that anything done by the railroad company, or its employees, made the aisle unsafe, but it is asserted that it became unsafe by the slight obstruction placed in it by a fellow passenger, and that there was negligence in not sooner removing it. The negligence, if any, in this case is that the employees of the railroad company did not discover and remove the baggage which obstructed the aisle. Did they see it and fail to remove it, or did it remain there so long a time that the employees should have seen it if properly performing their duties? These questions were for the jury under the facts of this case and the trial judge should have submitted them under careful instructions defining the duties of carriers and their employees. The mere fact that the personal baggage of a passenger is in the aisle of a car at the exact time of the accident does not of itself raise a presumption of negligence on the part of the employees of the railroad company. While it no doubt is the duty of the employees of a railroad company to remove the personal baggage of passengers from the aisles of cars, they must, in order to make it their duty to act, have notice that such obstructions are in the aisle, or the obstruction must have remained there for so long a time before the accident that, in the exercise of due care, they would have discovered it before the accident occurred. This is the rule as stated in Stimson v. M., L. Shore & Western Railway Co., 75 Wis. 381, and we think it is sound. There is no Pennsyl-

vania case directly in point, but the weight of authority elsewhere seems to be that the employees of the railroad company must have had actual notice of the baggage being in the aisle, or that it must have remained there a sufficient length of time to affect them with constructive notice. This means that the baggage must have remained in the aisle so long as to have been discovered by the officers in charge of the train if they had properly performed their duties. To this general effect see Van Winkle v. Brooklyn City R. R. Co., 46 Hun (N. Y.), 564; Pitcher v. Old Colony Street Railway Co. (Mass.), 81 N. E. Repr. 876; Lyons v. Boston Elevated Ry. Co. (Mass.), 90 N. E. Repr. 419; Price v. St. Louis Transit Co. (Mo.), 102 S. W. Repr. 626. In the case at bar the duty of the railroad company in this regard was not carefully explained to the jury. The charge was indefinite and perhaps misleading on this point as indicated by that portion of it which is made the subject of the seventh assignment of error. To say that a passenger "without warning, would have a right to presume that the passage was free from obstruction," might very properly be deemed an instruction that the presumption of negligence arose against the railroad company when the passenger placed his suit case at the end of his seat in the aisle. This is not the law. The railroad company cannot be charged with the neligence of a passenger, and its only negligence in such a case is in allowing the obstruction to remain there after notice, or after it should have had notice if due care had been exercised. These exact questions were not brought to the attention of the jury as they should have been.

We do not agree with the contention of appellant that the appellee was so clearly guilty of contributory negligence as to warrant the court in so declaring as a matter of law. If the accident had occurred before the train reached the tunnel and while the car was well lighted the situation would be different. The passenger was bound to look where he was going and to use his senses for his own protection. If he saw the suit case and stumbled over it,

the fault was his, or, if the car had been sufficiently lighted and he could have seen by looking what was in the aisle ahead of him, it was his duty to do so, and failure to perform that duty would defeat his right to recover. In the present case the darkness of the tunnel and the question of the sufficiency of the light must necessarily be taken into consideration. He might or might not have been able to see the suit case in the dimly lighted car. If he saw it, or if he should have seen it by the exercise of proper care, he took his chances in stepping over it, and cannot recover for injuries resulting from his own neglect; if he did not see it, or if in the exercise of due care he could not have seen it because of the darkness, a different question arises, and in a proper case a recovery may be sustained.

There is no assignment of error relating to the charge of the trial judge on the question of damages, but inasmuch as the case is to be again tried, it is only proper to suggest that the true measure of damages should be more clearly defined. It is the duty of the trial judge of his own motion and without request to correctly instruct the jury as to the proper measure of damages: Wilkinson v. North East Boro., 215 Pa. 486. The true measure of damages in such cases is very clearly stated in Goodhart v. Railroad Co., 177 Pa. 1, and this rule should be followed.

Judgment reversed and a venire facias de novo awarded.