# Kantner, Appellant, v. Philadelphia & Reading Railway Co.

*Negligence—Railroads—Passengers—Hand-bag in car aisle— Nonsuit.*

In an action by a passenger against a railroad company to recover damages for personal injuries sustained from falling over a hand-bag that stood at the side of the passageway of a car, a nonsuit is properly entered where the evidence shows that the car was somewhat crowded and dimly lighted; that the plaintiff did not see the hand-bag before her foot struck it, but saw it as she fell, and that there was no proof that the trainmen knew that the bag was in the passageway, nor that it had been there for such a length of time as to charge them with notice.

Argued March 26, 1912. Appeal, No. 255, Jan. T., 1911, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1907, No. 2313, refusing to take off nonsuit in case of Nellie Kantner v. Philadelphia & Reading Railway Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

. *Robert T. Byron,* with him *Albert S. Longbottom,* for appellant.

*Wm. Clarke Mason,* for appellee.

Per Curiam, April 29, 1912:

The plaintiff entered one of the defendant's passenger cars at its station in Philadelphia at four o'clock in the afternoon of December 22d, and while walking forward, looking for a seat, she was tripped by the hand-bag of a passenger that stood at the side of the passageway. The car was somewhat crowded and was dimly lighted. She did not see the bag before her foot struck it but saw it as she fell.   A nonsuit was entered on the ground that it was not negligence to permit hand-bags to be taken into passenger cars and there was no evidence that the trainmen knew that the bag was in the passageway nor that it had been there for such a length of time as to charge them with notice.   This ruling is fully sustained by the recent decision in Burns v. Railroad Co., 233 Pa. 304, in which it was said by our brother Elkin: "The mere fact that the personal baggage of a passenger is in the aisle of a car at the exact time of the accident does not of itself raise a presumption of negligence on the part of the employees of the railroad company.  While it no doubt is the duty of the employees of a railroad company to remove the personal baggage of passengers from the aisles of cars, they must, in order to make it their duty to act, have notice that such obstructions are in the aisle, or the obstruction must have remained there for so long a time before the accident that, in the exercise of due care, they would have discovered it before the accident occurred."

The plaintiff's testimony would not sustain a finding that the car was so dimly lighted that she could not see the bag.  She failed to see it when she was hurriedly

looking for a seat but she saw it when her foot struck it and she looked towards the floor of the car.

The judgment is affirmed.