DUSENBURY v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Term, First Department.   May 4, 1916.)

1. CARRIERS ⬳316(1) — INJURIES TO PASSENGERS — EVIDENCE — BURDEN OF PROOF.

Where an injury results from something improper or unsafe in the appliances of transportation, the burden is on the carrier to prove that such injury did not result from its negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1283, 1285; Dec. Dig. ⬳316(1).]

2. CARRIERS ⬳290(1)—INJURIES TO PASSENGERS—APPLIANCES OF TRANSPORTATION.

Property belonging to and taken by a passenger into the car of a carrier is not an appliance of transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1168; Dec. Dig. ⬳290(1).]

3. CARRIERS ⬳316(1)—INJURIES TO PASSENGER—EVIDENCE—PRESUMPTIONS.

The mere fact that a piece of baggage was in the aisle of a car, and that a passenger stumbled over it, does not per se raise a presumption of negligence on the part of the railroad company.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1283, 1285; Dec. Dig. ⬳316(1).]

4. CARRIERS ⬳320(6)—INJURIES TO PASSENGERS—ACTS OF A THIRD PARTY.

In an action against a carrier, where it is as probable that the injury resulted from the acts of a third party as from the negligence of the defendant, the case should not be submitted to the jury.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. ⬳320(6); Negligence, Cent. Dig. § 301.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Marie Dusenbury against the Delaware, Lackawanna & Western Railroad Company. Judgment for the plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Ellis W. Leavenworth, of New York City, for appellant.

Bassett, Thompson & Gilpatric, of New York City (W. H. Gilpatric, of New York City, of counsel), for respondent.

COHALAN, J.  Plaintiff sued to recover damages for personal injuries. It appears that she boarded a passenger train of the defendant at East Orange, N. J., and in walking up the aisle of the car, tripped over a suit case that had been placed between two seats therein. In support of her allegation of negligence, the plaintiff attempted to prove that the defendant's employés knew, or should have known that the suit case was in the aisle, and should have removed it in time to have prevented the accident.

Plaintiff's testimony and that of one Fisher was that, as soon as the passenger train stopped at the station in East Orange, she was the first passenger to go up the steps of the car, and enter that particular

end of it; that no brakeman was standing at the car steps, by which she had entered; and that after she had gone a few feet she stumbled over a large suit case, which almost filled the aisle of the car. As against the plaintiff's proof, the defendant showed by two witnesses, that the plaintiff went up the steps of the car preceded by a man or boy with a suit case, and followed by the owner thereof. The defendant further proved by the positive testimony of the witness Otis that the suit case was brought into the car at the same station at which the plaintiff got on, and that it was placed in the seat occupied by the witness, and left there with the end protruding about six inches into the aisle. This would indicate that the suit case was placed in the aisle without the knowledge of the defendant's employés, and immediately prior to the accident.

[1-4] Where an injury results from something improper or unsafe in the appliances of transportation, the burden is on the carrier to prove that such injury did not result from its negligence. Property belonging to and taken by a passenger into a car is not such an appliance. The mere fact that a piece of baggage is in the aisle and a passenger stumbles over it does not per se raise any presumption of negligence on the part of the Railroad Company. Burns v. Penn. R. R. Co., 233 Pa. 304, 82 Atl. 246, Ann. Cas. 1913B, 811; Van Winkle v. Brooklyn City R. R. Co., 46 Hun, 564; Millie v. Manhattan Railway Co., 5 Misc. Rep. 301, 25 N. Y. Supp. 753. Where it is as probable that the injury resulted from the act of a third party as from the negligence of the defendant, the case should not be submitted to the jury. There was an absence of proof of knowledge on the part of the defendant. The plaintiff was unable to adduce any proof with respect to the length of time that the suit case had been in the aisle, and the testimony of the witness Fisher does not aid her in this regard.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.