## William A. Garner, Appellee, v. East St. Louis Railway Company, Appellant.

1. CARRIERS, § 352*—*when street car company is liable for injury to passenger due to baggage in aisle.* The duty of caring for baggage primarily rests upon the passenger in a street car, and if a suit case in the aisle is a sufficient obstruction to render the aisle unsafe or does not furnish ample room for the ingress or egress of passengers, and the carrier knows, or in the exercise of reasonable care might have known, of the obstruction and failed to remove it, as the result of which another passenger stumbles over it, there is negligence on the part of the carrier.

2. CARRIERS, § 476*—*when evidence is insufficient to show knowledge by agents of carrier of existence of suit case in aisle.* In an action by a passenger against a street car company to recover damages for personal injuries, due to a fall over a suit case, which was placed in the aisle of the car by another passenger, while he was on his way to alight from the car, evidence *held* insufficient to show that the conductor or motorman had notice of the presence of the suit case in the aisle, or that it had been in the aisle a sufficient length of time that they should have taken notice of it.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. Opinion filed July 16, 1918.

BARTHEL, FARMER & KLINGEL, for appellant.

WILLIAM H. LAUNTZ and EDGAR P. HOLLY, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Appellee obtained a judgment against the appellant for $850, to reverse which this appeal is prosecuted.

It is disclosed by the record in this case that about 4 o'clock in the afternoon of December 16, 1916, the appellee took passage upon one of appellant's cars at Exchange and 13th streets and got off at Broadway

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and Collinsville avenue, but just before reaching Broadway the appellee attempted to pass out of the front door of the car but was prevented from so doing by the motorman who directed him that he would have to pass out at the rear end of the car, and as he was passing from the front to the rear end of the car he fell over a suit case and was injured. There were quite a number of passengers aboard the car, some of them sitting in the seats and others of them standing in the aisle. It appears that those who were standing in the aisle were moving back towards the rear door and the appellee was in the rear of them all at the time that he fell over the suit case. It is further disclosed by the evidence that a short time before the appellee fell, a man and woman came into the car and were seated upon the seat just behind the appellee; that the man carried a suit case; that he seated the woman next to the window and was in the act of adjusting his suit case as the appellee returned from the front end of the car, and the suit case extended out into the aisle. The owner of the suit case had not become well fixed in his seat and was at the time attempting to arrange and place the suit case. It further appears from the testimony that on Saturday night of December 9, 1916, the appellee complained to two of his associates, Otto Turley and Daniel Underwood, that a few nights before that he had fallen over something in the yards while they were on duty and hurt his side and knee. The witnesses claim that this conversation occurred at a time when appellee was soliciting them to take a different route while they were in the yards to avoid some loose timber and coal that he claimed to have fallen over.

The declaration in this case consisted of two counts. The first count charges that the defendant permitted the passageway through said car, and which the plaintiff was compelled to use in leaving said car, to become and be obstructed and rendered dangerous by the bag-

gage, valise and suit case of passengers placed therein, and rendered still more dangerous by permitting and causing the means of detecting the said baggage, valise and suit case to be made obscure by permitting passengers to crowd and stand in said passageway and about said baggage, valise and suit case.

The second count charges that the defendant negligently permitted certain baggage, valise and suit case to remain in said aisle and obstruct the same, well knowing, or by the exercise of ordinary care should have known, that said baggage, valise and suit case constituted a dangerous obstruction liable to injure passengers and the plaintiff in the rightful use of said aisle.

The appellant contends that the evidence in this case fails to show that it is guilty of any negligence or that it is in any manner liable for the injury sustained by appellee. Upon the other hand, the appellee insists that the conductor came back to the parties having the suit case to collect their fare just before the injury and that he ought to have seen the suit case in the aisle and to have had it removed; and also insists that under the law that when baggage or other obstructions are left in the aisle of a coach or a common carrier of passengers, so as to render the aisle unsafe, and one of its passengers receives injuries by reason of such obstructions, the carrier becomes liable. We have examined the authorities cited by counsel but do not think that the doctrine here invoked, that the mere presence of a suit case in the aisle rendering it unsafe, would create a liability against the appellant. That doctrine has reference more particularly to the operating of the car and the appliance of transportation, but in our judgment could not be invoked where a passenger by some act of his placed an obstruction in the aisle which caused the injury, unless the servants of appellant had notice that such obstruction was there, or had been there such a length of time that notice could be implied. In a case decided by our Supreme

Court, where one of the questions involved was similar to the one here presented, the court said: "The duty of caring for such baggage rests primarily upon the passenger to whom it belongs. If the suit case or traveling bag in the aisle was a sufficient obstruction to render the aisle unsafe or did not furnish ample room for the ingress and egress of passengers, and the carrier knew or in the proper exercise of its duty might have known of the obstruction and failed and neglected to remove it, it would amount to negligence on the part of the carrier. Such conditions imposing the duty on the carrier must be proved by the party seeking to recover. (*Burns v. Pennsylvania Railroad Co.* [233 Pa. 304], 27 A. & E. Ann. Cas. 811; *Kantner v. Philadelphia & R. Railroad Co.* [236 Pa. 283], 84 Atl. 774; *Lyons v. Boston Elevated Railroad Co.* [204 Mass. 227, 2 N. C. C. A. 363], 90 N. E. 419.)" *Heineke v. Chicago Rys. Co.*, 279 Ill. 213.

The appellee claims that he did not see the suit case and knew nothing about its presence in the aisle until he stumbled against it, and the only person who saw the suit case in the aisle was John H. McCauley, who was in the employ of the Commercial Acid Company, and had charge of the policing of that plant, and he says that he sat on the seat on the opposite side of the car, a seat or so back from where the valise was, and that he saw the man with the valise, in company with the woman, take their seats, and that they took the seat at about the time appellee arose from his seat to go to the front end of the car, and describing it the witness says: "The lady entered and sat down next to the window; the gentleman followed her and placed his suit case in the aisle until after he had sat down; then he reached down and got his suit case and drew it around in front of him just as the plaintiff started back, and he fell over the suit case. The man had hold of the suit case at the time the plaintiff fell over it. The man was trying to get it out of the aisle

and place it somewhere in front of him. That is what I supposed he was trying to do." He is the only one who from this testimony saw how the injury occurred and observed the suit case in the aisle. The conductor and motorman deny that they ever saw the suit case in the aisle and there is no evidence that they did, except the statement of the appellee that the conductor came to some one behind him, he did not know who, to collect the fare, and seems to assume that at that time the suit case was in the aisle but he did not know it, but the testimony of the witness McCauley wholly contradicts this.

The evidence in this record was not sufficient to warrant the jury in finding that the agents of appellant had notice of the presence of the suit case in the aisle, or that it had been in the aisle a sufficient length of time that they should have taken notice of it, but the evidence does show affirmatively that the suit case had been placed in the aisle immediately before appellee fell. Unless these conditions existed the appellant would not, in our judgment, be guilty of such negligence as to create a liability against it for the injury received by appellee.

We are of the opinion that the verdict of the jury was manifestly against the weight of the evidence, and that the judgment should not have been rendered thereon, and the judgment of the lower court is reversed and the cause remanded.

*Judgment reversed and cause remanded.*