SELMAN v. CITY OF DETROIT.

1. CARRIERS—PASSENGERS—STREET CARS—RAILROADS—SUDDEN IN-
CREASE OR DECREASE OF SPEED.
   Rule respecting liability for injuries to passengers received from
   sudden increases or decreases of speed while passenger is
   alighting from street car differs from that where passenger
   alights from steam railroad.

2. SAME—SUDDEN JERKS OR JOLTS—PASSENGERS.
   Sudden jerks or jolts in the movement of railroad trains or street
   cars are among the usual incidents of travel which do not
   create liability for injuries to passengers received because
   thereof.

3. SAME—SUDDEN JERKS OR JOLTS—STREET CARS—PASSENGERS.
   Sudden jerks or jolts in stopping to let off and take on passengers
   and in starting, are among usual incidents of travel on street
   cars which every passenger must expect and mere fact that a
   passenger is injured thereby will not of itself make out a case
   of negligence which will render the carrier liable although car-
   rier may be liable if the jerk or jolt is unnecessarily sudden
   or violent.

4. SAME — NEGLIGENCE — SUDDEN JERKS OR JOLTS — PASSENGERS —
MAINTENANCE OF WAY AND EQUIPMENT — OPERATION OF CONVEY-
ANCES.
   Unusually sharp jerks or violent jolting due to negligent opera-
   tion of the car or negligent failure to maintain the track prop-
   erly imposes liability on the carrier for resulting injuries to
   passengers but if there is maintenance of way and equipment
   in a serviceable condition and operation of conveyances in cus-
   tomary manner no liability attaches.

5. SAME—PASSENGER'S BAGGAGE ON FLOOR OF AISLE—DUTY OF COM-
PANY.
   It is not negligence as a matter of law for conductor of a street
   car with seats running lengthwise of the car on each side to

let the baggage of a passenger remain on the floor of the car in the aisle where it is not so placed as to obstruct free passage out of or into the car as the street car company is not bound to exercise toward a passenger the utmost diligence in providing against those injuries that can be averted by human foresight.

6. SAME—BAGGAGE IN AISLES—INJURIES TO PASSENGERS.

Where a passenger is injured by stumbling over baggage which another person has placed in the aisle of the vehicle, the carrier will not be liable for the injury unless it omitted to exercise reasonable care in keeping the aisle clear.

7. SAME—CARE REQUIRED AS TO SAFETY OF PASSENGERS.

A street railway company is not an insurer of the safety of those it undertakes to transport but is merely required to exercise that skill, diligence and foresight for the safety of its passengers consistent with the practical conduct of its business.

8. SAME — OBSTRUCTIONS IN AISLES — INJURIES TO PASSENGERS — KNOWLEDGE OF, OR NOTICE TO, EMPLOYEE.

Ordinarily a carrier is liable for injuries to a passenger resulting from obstructions in aisles of vehicles only where employee in charge of the car knew of the obstruction or it had existed for such a length of time that employee, in proper discharge of his duties, should know of its presence.

9. SAME—BAGGAGE IN AISLE—PRESUMPTIONS—NEGLIGENCE.

The mere fact baggage is in the aisle and a passenger stumbles over it does not raise a presumption of negligence on the part of the carrier.

10. NEGLIGENCE—EXERCISE OF FACULTIES BY NORMAL PERSONS.

The law requires normal persons, possessed of their faculties, to exercise them for their own protection.

11. CARRIERS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Plaintiff in action for injuries, alleged to have been sustained when she stumbled over another passenger's baggage which protruded into aisle of street car in which seats were placed lengthwise along side of car, had burden of showing she was free from contributory negligence and acted with due care.

12. APPEAL AND ERROR—DISAGREEMENT OF JURY—DIRECTED VERDICT —EVIDENCE.

On appeal from judgment for defendant on reserved motion for directed verdict, entered after disagreement of jury, testimony

and legitimate inferences to be drawn. from established facts most favorable to the party against whom the verdict is sought to be directed must be accepted (3 Comp. Laws 1929, §§ 14531–14535).

13. CARRIERS—PASSENGERS—BAGGAGE IN AISLE—KNOWLEDGE OF, OR NOTICE TO, EMPLOYEE—CONTRIBUTORY NEGLIGENCE.

In passenger's action for injuries sustained when she stumbled over another person's baggage which stuck out in the aisle between the seats along the side of the car, testimony of plaintiff that she did not see suitcase over which she tripped until about to leave car established that it was not in aisle a sufficient length of time to charge carrier's employee with notice and her later testimony that she saw baggage protruding into the aisle when she boarded car and it was not moved during her 20-or-30-minute ride barred her recovery on ground of contributory negligence, where it was not shown conductor had knowledge of presence of the baggage before plaintiff fell.

Appeal from Wayne; Miles (Fred T.), J., presiding. Submitted January 5, 1938. (Docket No. 20, Calendar No. 39,712.) Decided February 25, 1938.

Case by Emily E. Selman against City of Detroit, a municipal corporation, for personal injuries sustained as a passenger on defendant's street car. After disagreement of jury, judgment was entered for defendant. Plaintiff appeals. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Rodney Baxter* and *Leon H. Harman,* for defendant.

POTTER, J.  Plaintiff brought suit against defendant to recover damages for an injury sustained while a passenger on one of defendant's street cars.

About 3:30 p. m., April 5, 1935, plaintiff boarded one of defendant's street cars at State and Griswold streets, in the city of Detroit, to go to her home on

Hillger avenue, near Jefferson. The street car traversed a route southbound on Griswold street to Jefferson and then eastbound on Jefferson. Plaintiff seated herself on the bench running lengthwise on the righthand side of the car, in the non-fare-paid section. The car was so arranged that passengers boarded at the front entrance and could either sit in the forward portion and pay fare upon going out, or pass by the center of the car and pay fare and sit in the rear portion. When plaintiff boarded the car, two ladies were sitting on the same bench. One was seated immediately next to the conductor and the other at her right. Plaintiff took the third place from the conductor. She claims both the ladies on the seat had suitcases, the one nearer the conductor had a larger suitcase than the other. Both suitcases were under the women's legs. Plaintiff testified the end of the larger suitcase, nearer the front end of the car, stuck out into the aisle; that she first noticed the larger suitcase was out a little in the aisle as she was nearing home. Later, she testified she saw the suitcases when she first boarded the car; that the larger one was on a slant out in the aisle then; and she insisted this testimony was correct. Plaintiff estimated the distance she rode on the car was about five miles and this occupied from 20 to 30 minutes. According to plaintiff's claim, the suitcase of the lady immediately next to her had nothing to do with the accident. She said both these ladies were on the street car when it reached St. Jean avenue, about five miles from where she boarded it. After the car started from a stop at St. Clair avenue, plaintiff signaled for a stop at Lillibridge avenue. As the car approached Lillibridge avenue, plaintiff says she arose from her seat, faced the side of the car on which she had been seated, took a strap in each

upstretched hand, and was moving slowly to her right, facing the two women with suitcases, on her way to the conductor's position to pay her fare and get out, when the street car jerked suddenly, pulled her hands loose from the straps and threw her toward the fare box; that in consequence she threw out her right foot, to brace herself, toward the back of the car; that it struck the larger suitcase, and she fell to the floor holding her right hand over her eyes to avoid hitting her head against the pipe railing around the conductor's seat. She claims the combination of the jerk of the street car and the striking of plaintiff's foot against the suitcase caused her to fall to the floor, with the resulting injuries. After her fall, plaintiff was assisted to her feet and took a standing position in front of the fare box. She tried to put her right foot down and found she could not stand upon it. She sat down, got her money out, hobbled across the aisle, paid her fare, and told the conductor she wanted to get off at St. Jean, as the car had passed Lillibridge. She testified she told the conductor she was injured and he asked her if she had fallen and she replied in the affirmative; the conductor said he did not see her fall, but he asked her if she had fallen over the suitcases. On direct examination, she said she replied "I must have." Later, she said she didn't use the word "must." She testified she then took the seat the lady with the larger suitcase had occupied next to the fare box as that lady had left the car with the suitcase soon after the accident. Plaintiff said she asked to be taken to her doctor, but was obliged to ride to the end of the line and back a mile or so to the car barns, as injured people, by the rules of the railway department, are to be taken home and not discharged or set down along the line. A police scout car was

waiting at the car barns and plaintiff was taken to her home a short distance away.

Neither of the ladies claimed to have had the suitcases was in court. Plaintiff made a written statement after the accident. In it, she said nothing about the suitcases. She made no statement about the suitcases to her doctor in describing the accident on the same day. In answer to a hypothetical question by plaintiff's counsel, her physician testified her injury could have been sustained in the manner she described. Plaintiff then rested.

Defendant made a motion for directed verdict on the ground plaintiff failed to establish freedom from contributory negligence or to establish actionable negligence on the part of defendant and that if, for the purpose of argument, such negligence on the part of defendant had been established, it was not shown to have been the proximate cause of plaintiff's injury. The court reserved decision on the motion. Defendant introduced testimony in defense, putting the conductor on the stand who testified he saw no suitcases on the trip when plaintiff was injured; plaintiff, in her conversation with him, did not mention the suitcases; he noticed no jerks of the car while she was riding; some people were standing in the car on that trip. Two men were sworn who claimed to have been riding on the car at the time plaintiff claims to have been injured and heard a commotion on the car "at or about St. Jean avenue." They did not recall anything unusual in the operation of the car. They claimed to have been riding back of the motorman and noticed no jerks, nor was their balance disturbed though they were standing. One could not recall whether other people were standing in the aisle of the car, but the other testified some were.

Plaintiff then took the stand and testified she had never seen the two men who testified they were standing on the front platform and that neither was on the street car talking to the motorman at the time she was hurt. Plaintiff then rested.

Defendant renewed its motion previously made. The court, reserving its decision on that motion under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.*), submitted the case to the jury which deliberated for two days, then disagreed and was discharged. Thereupon, defendant moved the court to enter a judgment of no cause of action, as provided in 3 Comp. Laws 1929, § 14535. This motion was argued and granted, the trial court determining, in accordance with 3 Comp. Laws 1929, § 14535, the motion for a directed verdict should have been granted at the close of plaintiff's case. Judgment for defendant was entered.

Plaintiff appeals, claiming there was testimony tending to show defendant's negligence, that such negligence was the proximate cause of her injury; the court passed upon plaintiff's credibility as a witness, and that the credibility of plaintiff as a witness was a jury question, relying upon *Tuttle* v. *Railway Co.*, 193 Mich. 390.

There are cases relating to the operation of steam railroads which indicate that a negligent and sudden jerk of the train when the passenger is in the act of alighting may be ground for recovery. *Wood* v. *Railway Co.*, 49 Mich. 370 (4 Am. Neg. Cas. 35); *Smalley* v. *Railway Co.*, 131 Mich. 560. This court has held that sudden increases and decreases in the speed of street cars, whether a passenger is seated or standing, are subject to a different rule. *Schultz* v. *Railways Co.*, 158 Mich. 665 (27 L. R. A. [N. S.] 503); *Ottinger* v. *Railway*, 166 Mich. 106 (34 L. R. A.

[N. S.] 225, Ann. Cas. 1912D, 578, 3 N. C. C. A. 323);
*Bogart* v. *City of Detroit*, 252 Mich. 534. Sudden
jerks and jolts in the movement of railroad trains
or street cars are generally accepted as among the
usual incidents of travel which every passenger by
experience has learned to expect to some extent.
10 Am. Jur. p. 213, § 1343. Sudden jerks or jolts in
stopping to let off and take on passengers, and in
starting, are among the usual incidents of travel on
street cars which every passenger must expect, and
the mere fact that a passenger is injured thereby
will not of itself make out a case of negligence which
will render the carrier liable. 4 R. C. L. p. 1210
*et seq.*, § 634. Though the carrier may be held liable
if the jerk or jolt is unnecessarily sudden or violent.
4 R. C. L. p. 1210 *et seq.*, § 634. And unusually
sharp jerks or violent jolting, due to the negligent
operation of the car or the negligent failure to main-
tain the track properly, has been viewed as impos-
ing liability on the carrier for resulting injuries to
the passenger. 10 Am. Jur. p. 214, § 1343; 10 C. J.
pp. 973, 974; 2 Moore on Carriers (2d Ed.), p. 1222;
1 Nellis on Street Railways (2d Ed.), p. 593. The
rule is, that a street railway cannot be held liable
for resulting injuries to passengers due to sudden
jerks in starting, stopping or operating such convey-
ances if they are maintained in a serviceable condi-
tion and operated in the customary manner.

Plaintiff does not claim she is entitled to recover
solely by reason of the jerking of the car, but relies
upon that fact in connection with other circum-
stances. The other circumstance upon which plain-
tiff relies is the fact a suitcase was in the aisle of
the street car. There is no testimony which would
take this case out of the rule established by the
authorities above so far as the sudden jerking of

defendant's car is concerned. Plaintiff contends she suffered no injury whatever from the fall occasioned by the jerk alone; that her injuries were caused by the twist of her right ankle striking the end of the suitcase just before her foot reached the floor to sustain the whole weight of her body as thrown by the jerk, her foot reaching the floor before the ankle could be straightened as the foot slid down the end of the suitcase to the floor. The thing that did the damage was a twist on the ankle like the twisting snap of a corn shucker or the torque of the drive shaft of a motor.

Plaintiff cites cases where there were suitcases and other impedimenta in aisles of carriers by steam railroad. These cases fall mainly into two classes, —those where the articles in the aisles were part of the equipment of the car itself, and those where they were not equipment but where the aisles were improperly lighted.

It is not negligence as a matter of law for the conductor of a street car of ordinary type with a seat running lengthwise of the car on each side to suffer the bag or satchel of a passenger to remain on the floor of the car in the aisle where it is not so placed as to obstruct free passage out of or into the car, for in such case the street car company is not bound to exercise toward a passenger the utmost diligence in providing against those injuries that can be averted by human foresight. *Pitcher* v. *Railway Co.,* 196 Mass. 69 (81 N. E. 876, 13 L. R. A. [N. S.] 481, 124 Am. St. Rep. 513, 12 Ann. Cas. 886).

Where a passenger is injured by stumbling over a basket or valise which another person has placed in the aisle of the vehicle, the carrier will not be liable for the injury unless it omitted to exercise reasonable care in keeping the aisle clear. 2 Hutchinson

on Carriers (3d Ed.), p. 1033; 1 Nellis on Street
Railways (2d Ed.), p. 628; 2 Moore on Carriers (2d
Ed.), p. 1200.

A street railway company is not an insurer of the
safety of those it undertakes to transport. It fulfills
the requirement of due care when it exercises that
skill, diligence and foresight for the safety of its
passengers consistent with the practical conduct of
its business. 10 Am. Jur. p. 170, § 1247. The lia-
bility of a carrier for an injury to a passenger
caused by obstruction of a car aisle or platform by
property of another passenger arises only in case
the carrier has been negligent in permitting the ob-
struction. Ordinarily, the carrier is liable only
where one of its employees in charge of the car
knows of the obstruction in time to have it removed
before it can cause injury; or where the obstruction
exists for such a length of time that an employee, in
the proper discharge of his duties, should know of
its presence. 10 Am. Jur. p. 197, § 1307; *Beiser* v.
*Railway Co.,* 152 Ky. 522 (153 S. W. 742, 43 L. R. A.
[N. S.] 1050); *Burns* v. *Railroad Co.,* 233 Pa. 304 (82
Atl. 246, Ann. Cas. 1913B, 811); *Kantner* v. *Railway
Co.,* 236 Pa. 283 (84 Atl. 774); *Garner* v. *Railway
Co.,* 211 Ill. App. 201; *Phinney* v. *Railway Co.,* 285
Mass. 207 (189 N. E. 52). In the last case, it is said:

"The carrying of hand bags by passengers in
street cars and their deposit occasionally on the floor
of the car are ordinary incidents of travel."

In *Costello* v. *Railway Co.,* 205 Iowa, 1077 (217
N. W. 434), plaintiff, a passenger on defendant's
train, as she approached her station, got up and went
down the aisle to leave the car. She saw some lug-
gage which stuck out into the aisle about 14 inches.
Other passengers went around it. Plaintiff saw it

just before she hit it. She testified, "I went to step out of the way, and just then the train gave a little jerk, and I lost my balance and hit it." It was held the trial court should have directed a verdict for defendant.

The mere fact baggage is in the aisle and a passenger stumbles over it does not raise a presumption of negligence on the part of the railroad company. *Dusenbury* v. *Railroad Co.*, 95 Misc. 241 (158 N. Y. Supp. 681).

In *Van Winkle* v. *Railroad Co.*, 46 Hun (53 N. Y. Sup. Ct.), 564, plaintiff sought to step over a basket and umbrella in the aisle and caught her foot, stumbled and was injured. The court said:

"The plaintiff, with full knowledge of the obstruction in her pathway, undertook to pass, unassisted, between the two men, over the basket and umbrella, and by that act plainly assumed all the dangers and risks of such a passage, and the disastrous results of such a hazardous undertaking cannot be charged against the defendant."

The law requires normal persons, possessed of their faculties, to exercise them for their own protection. *Evans* v. *Orttenburger*, 242 Mich. 57. The burden was upon plaintiff to show she was free from contributory negligence and acted with due care.

In denying a right to recover in *Carpenter* v. *Herpolsheimer's Co.*, 278 Mich. 697, it was said:

"The difficulty with plaintiff's case is that there was no evidence that the box which she claims was in the aisle and tripped her was a purse box; nor, if it was, that it had been piled negligently under the table; nor how it got into the aisle; nor that defendant had knowledge of its being there; nor that it was in the aisle long enough so defendant should have known of it."

On a motion for a directed verdict, testimony and legitimate inferences to be drawn from established facts most favorable to the party against whom the verdict is sought to be directed must be accepted. 1 Searl's Michigan Pleading & Practice, § 279.

Plaintiff first claimed she did not see the suitcase which she tripped over until nearing home and thereby established that the suitcase was not in the aisle a sufficient length of time to charge defendant with notice. *Carpenter* v. *Herpolsheimer's Co., supra.* She later claimed she saw the suitcases when she entered the car and the larger one stuck out in the aisle and was not moved throughout the trip; that she informed the conductor after the accident she had fallen and was hurt; that it sort of came to him the suitcases were there and he asked if she fell over them, and she replied that she had. There was no testimony tending to show the conductor knew of the presence of the suitcases in the aisle before plaintiff fell. If plaintiff saw the suitcases when she entered the car, one of them sticking out in the aisle, she barred herself from a right to recover upon the ground of contributory negligence. *Costello* v. *Railway Co., supra.* We think the trial court arrived at a correct conclusion.

Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.