*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NAKISHA WRIGHT,

Plaintiff-Appellant,

v

CITY OF DETROIT and RODERICK HARTLEY,

Defendants-Appellees,

and

THOMAS CARSONHALL,

Defendant.

UNPUBLISHED
August 10, 2023

No. 363066
Wayne Circuit Court
LC No. 19-015264-NI

Before: GLEICHER, C.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Plaintiff Nakisha Wright was injured when a Detroit city bus allegedly accelerated "violently and aggressively" moments after she boarded, propelling her into some steps leading to an upper-level seating area. Wright sued the driver, Roderick Hartley, and the city of Detroit. Defendants moved for summary disposition under MCR 2.116(C)(7) and (C)(8), contending that Wright failed to plead and to offer proofs in avoidance of governmental immunity. The circuit court granted summary disposition to both defendants. We vacate and remand for further proceedings.

## I. FACTUAL BACKGROUND

Wright and a companion, William Layton, Jr., boarded a Detroit city bus driven by Hartley. Wright's initial complaint misidentified the driver of the bus, and she filed a first amended complaint naming Hartley as a defendant after being provided with his name. The first amended complaint alleges "[t]hat on or about February 10, 2019, [Wright] was involved in a motor vehicle accident with Defendant Rodrick [sic] Hartley," that the city "insured the bus" in which the accident occurred, and that Hartley "operated his vehicle in a careless, negligent, willful and

-1-

wanton, grossly negligent and/or reckless manner," causing Wright to be "thrown about with great force and violence" and to "suffer[] severe personal injuries."

The first amended complaint states four causes of action: a claim for first-party personal injury protection (PIP) benefits against the city; "negligence" against Hartley; "owner liability" against the city; and respondeat superior against the city. Both defendants moved for summary disposition of all counts, other than the first-party no-fault claim, under MCR 2.116(C)(7) and (C)(8).

In response, Wright's counsel submitted affidavits signed by Wright and Layton fleshing out the circumstances of the accident. Wright's affidavit states in relevant part that after she and Layton "climbed onto the bus," they attempted to pay with cash but the bus driver "[i]mmediately . . . waved us away," telling them, "[D]on't worry about it." Wright's affidavit continues:

> The bus driver seemed like he was in a desperate rush and seemed very upset too. He then closed the door behind us, and I started walking down the bus to sit down. I took maybe 3-4 steps before the bus had violently and aggressively accelerated in an explosive manner that I had never experienced before. Usually, buses accelerate at a normal pace, this was a powerful and explosive acceleration that I had never seen before. This caused me to begin running down the back of the bus quickly, involuntarily due to the bus's inertia, where there were two steps of sta[i]rs leading upwards to an upper seating area. I then tripped on these stairs as I couldn't stop myself from the powerful inertia of the bus, and this caused me to trip and fall in a very forceful manner, and caused significant injuries to my ankles, knees, and shoulder.

The affidavit further avers that the bus driver was "in a heightened angry and emotional state," and "very agitated, upset, emotional, and in a desperate rush as I boarded the bus." Layton's affidavit essentially echoes Wright's.

Hartley testified at his deposition that he had no "personal recollection" of Wright's accident and that the incident report he authored did not refresh his recollection. The bus had a video recording system but according to the city no video footage could be located.

The circuit court granted summary disposition to defendants "on the basis of governmental immunity and on the basis that [Wright] has failed to state a cause of action" regarding all counts of the amended complaint other than the first-party no-fault claim. According to the circuit court, "sudden jerks and jolts in the movement of railroad trains or street cars and busses are expected and accepted as among the usual incidents of travel, which every passenger, by experience, has learned to expect to some extent," and do not establish negligence. Further, the court ruled, Wright failed to plead in avoidance of immunity, and "[n]o facts in support of [Hartley's] gross negligence are alleged in the complaint or filed in response to the motion."

Wright now appeals.

## II. ANALYSIS

### A. GUIDING LEGAL PRINCPLES

The city sought summary disposition motion under MCR 2.116(C)(7), asserting that governmental immunity barred Wright's negligence claim, and MCR 2.116(C)(8), contending that the factual allegations contained in Wright's first amended complaint are legally insufficient to state a claim. We review all challenges to a circuit court's summary disposition decision de novo. *Wood v Detroit*, 323 Mich App 416, 419; 917 NW2d 709 (2018). Evaluating a (C)(7) motion requires us to accept the pleaded allegations as true and to construe them in the plaintiff's favor, while additionally considering other admissible evidence including affidavits. Granting summary disposition based on MCR 2.116(C)(8) is only appropriate "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

The parties agree that both defendants are immune from liability in this tort case under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, unless an exception to immunity applies. The parties also concur that the motor vehicle exception to immunity potentially applies to the city. That exception provides: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in [MCL 257.1 to MCL 257.923]." MCL 691.1405. The parties do not dispute that the city is a governmental agency, that the motor vehicle was owned by the city, and that Hartley was the city's employee. Accordingly, to avoid the city's immunity, Wright must create a jury question regarding whether Hartley negligently operated the bus.

The GTLA provides a separate exception to immunity applicable to Hartley: governmental employees acting within the scope of their authority are generally immune from tort liability except when their actions constitute gross negligence. MCL 691.1407(2)(c); *Tarlea v Crabtree*, 263 Mich App 80, 89; 687 NW2d 333 (2004). Hartley's liability therefore hinges on whether his conduct amounted to gross negligence.

Thus, the issues presented here are whether the city bears liability due to Hartley's negligent operation of the bus, and whether Hartley is independently subject to liability under the gross negligence exception.

### B. HARTLEY'S LIABILITY

Wright argues that Hartley's gross negligence is demonstrated by the facts that he drove in an angry and agitated state, and accelerated explosively immediately after she boarded and started walking in the direction of the steps.[1] Wright's first amended complaint specifically alleges that

---

[1] Wright also contends that events before and after the incident give rise to Hartley's liability, including Hartley's suspension in 2021 for failing a random drug screen. Hartley's conduct before and after Wright's accident is irrelevant to whether he was grossly negligent at the time the accident occurred.

Hartley "operated his vehicle in a . . . grossly negligent and/or reckless manner." Hartley's brief on appeal does not challenge the adequacy of Wright's pleading under MCR 2.116(C)(8). Rather, Hartley insists that Wright premised her gross negligence claim on a "sudden stop," and because such stops are "normal incidents of travel on a bus," Wright cannot demonstrate either negligence or gross negligence on Hartley's part.

We first observe that Wright's gross negligence claim arises from an allegedly "violent[] and aggressive[]" *acceleration* rather than a sudden stop.[2] That said, Hartley correctly invokes "the usual incidents of travel" doctrine, which has a long history in Michigan law. In *Selman v Detroit*, 283 Mich 413, 420; 278 NW 112 (1938), the Supreme Court explained that "[s]udden jerks and jolts in the movement of railroad trains or street cars are generally accepted as among the usual incidents of travel which every passenger by experience has learned to expect to some extent." Not all "jerks or jolts" are "usual incidents of travel," however. In *Selman*, the Supreme Court declared that "the carrier may be held liable if the jerk or jolt is *unnecessarily* sudden or violent." *Id*. (emphasis added). The Court continued, "And unusually sharp jerks or violent jolting, due to the negligent operation of the car or the negligent failure to properly maintain the track, has been viewed as imposing liability on the carrier for resulting injuries to the passenger." *Id*. See also *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 511; 991 NW2d 230 (2022) ("Liability can attach if the jerk or jolt is unnecessarily sudden or violent.").

Wright's affidavit describes that Hartley was "angry," "upset," "in a desperate rush," and that he "violently and aggressively accelerated in an explosive manner." Hartley's handwritten incident report describes an entirely different scenario. He wrote that that after three passengers boarded the bus (presumably including Wright and Layton), "I assumed that the passengers had been seated so I slowly began to pull off. Shortly afterwards I heard noise that came from the back of the coach. It looked as if a lady had fallen . . . ." Viewing the evidence in the light most favorable to Wright, as we must, the incident report supports a reasonable inference that there was no traffic-related reason for Hartley to have accelerated "violently and aggressively," but that he did so despite that Wright was still walking down the aisle. Further, based on Wright's observations of Hartley's demeanor, the evidence supports that Hartley's rapid acceleration was willful and not associated with a *need* to drive in a potentially unsafe manner, such as to avoid another vehicle or some other road hazard.

Grossly negligent conduct is "substantially more than negligent." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). The GTLA defines gross negligence as "conduct so

---

[2] The city's error is understandable. Wright's first amended complaint is light on facts. "A complaint must provide reasonable notice to opposing parties," and it is insufficient to allege mere conclusions without also alleging a factual basis for those conclusions. *Dacon v Transue*, 441 Mich 315, 329-330; 490 NW2d 369 (1992); see also *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014). It may be difficult to identify the boundary between a proper allegation of fact and an improper conclusory statement, but if there is doubt, the courts should err on the side of generosity. *Flynn v Brownell*, 371 Mich 19, 26-27; 123 NW2d 153 (1963). An argument under MCR 2.116(C)(8) would be unavailing here anyway, since factual development of the claim can justify recovery.

reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Gross negligence suggests almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Dougherty v Detroit*, 340 Mich App 339, 350; 986 NW2d 467 (2021) (quotation marks and citation omitted). Allegations that a defendant should have taken additional precautions to avoid injury are usually insufficient. See *Tarlea*, 263 Mich App at 84-86.

The allegations in Wright's affidavit arguably justify a gross negligence claim; at a minimum, the evidence radically diverges regarding the nature of Hartley's acts, and "questions regarding whether a governmental employee's conduct constituted gross negligence are generally questions of fact for the jury[.]" *Wood*, 323 Mich App at 424.

As described by Wright and Layton, Wright's injuries did not arise from Hartley's failure to exercise garden-variety due care, but rather from his deliberate decision to drive in a reckless manner by "violently" and "aggressively" accelerating without regard to passenger safety, and without a rational need to do so. According to the incident report, Hartley was aware that several passengers had just boarded when he took off from the stop. Because reasonable minds can differ regarding whether Hartley willfully disregarded their safety and disregarded the risk that a passenger might be injured by a sudden and powerful acceleration, the circuit court erred by summarily dismissing Wright's gross negligence claim.

## C. THE CITY'S LIABILITY

Although the GTLA grants the city broad immunity from suit, it may be held liable "for bodily injury . . . resulting from the negligent operation by any officer, agent, or employee of the government agency, of a motor vehicle of which the government agency is owner . . . ." MCL 691.1405.

Count III of the amended complaint asserts a claim for owner liability against the city by stating that Hartley was operating a city bus, and that the city was liable for Wright's injuries resulting from Hartley's "negligent, careless, and/or reckless operation" of the vehicle. In Count IV, Wright alleged that the city was liable under a theory of respondeat superior for Hartley's "negligence" that proximately caused Wright's injuries. This method of pleading in avoidance of immunity and in accord with MCL 691.1405 is neither artful nor descriptive, but it suffices to survive scrutiny under MCR 2.116(C)(8). We repeat: "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160.[3]

"A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Yono v Dep't of Transp (On Remand)*, 306 Mich App 671, 682; 858 NW2d 128 (2014), rev'd on other grounds 499

---

[3] That said, we strongly urge counsel to take more care in drafting complaints seeking to avoid governmental immunity. Doing so may help avoid costly and time-consuming trips to the Court of Appeals.

Mich 636 (2016) (quotation marks and citations omitted). Wright's first amended complaint satisfies that requirement by stating that Hartley's negligent operation of a city-owned bus caused her injuries, and that at the time of the accident Hartley was employed by the city of Detroit.

When evaluated under MCR 2.116(C)(7), Wright's claims also survive. As discussed above, the affidavits of Wright and Layton create a question of fact as to whether Hartley's acceleration from the stop was unnecessarily sudden or violent (or both). The evidence also generates a question regarding where on the continuum from negligence through gross negligence Hartley's actions fall. The evidence conflicts regarding the nature of the acceleration, but our task requires us to evaluate the evidence in the light most favorable to Wright. Assuming as we must that the bus accelerated abruptly and forcefully, the record includes no explanation for a sudden acceleration that would locate this case within the "usual incidents of travel" framework. As Justice John VOELKER pithily observed in *Mitcham v Detroit*, 355 Mich 182, 187; 94 NW2d 388 (1959), "our law possesses no special grudge against possible recovery by passengers against public carriers in cases of this nature . . . ." Accordingly, a jury must determine whether the bus accelerated in the manner Wright describes, and if so whether Hartley's conduct was negligent, grossly negligent, or neither.

We vacate and remand for further proceedings. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Noah P. Hood

-6-