*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NAKISHA WRIGHT,

      Plaintiff-Appellant,

v

CITY OF DETROIT and RODRICK HARTLEY,

      Defendants-Appellees,

and

THOMAS CARSONHALL,

      Defendant.

UNPUBLISHED
August 10, 2023

No. 363066
Wayne Circuit Court
LC No. 19-015264-NI

Before: GLEICHER, C.J., and JANSEN and HOOD, JJ.

JANSEN, J. (*dissenting*)

For the reasons that follow, I respectfully dissent. I would affirm summary disposition in favor of defendants, the City of Detroit and Rodrick Hartley, on the basis of governmental immunity.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, immunizes a state agency from tort liability when the agency is "engaged in the exercise or discharge of a governmental function," subject to certain exceptions. MCL 691.1407(1). The burden is on the plaintiff filing suit against a governmental agency to plead his or her claim in avoidance of governmental immunity. *Hannay v Dep't of Transp*, 497 Mich 45, 58; 860 NW2d 67 (2014).

> Governmental immunity inheres in governmental agencies as a characteristic of government and, accordingly, there is a presumption that a governmental agency *is* immune from suit unless an exception to governmental immunity applies to the facts of the case. In order to rebut the presumption of immunity, a party suing a unit of government must plead in avoidance of governmental immunity. The party suing the governmental agency must plead facts that—if true—demonstrate that an exception to governmental immunity

-1-

applies: A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function. [*Yono v Dep't of Transp (On Remand)*, 306 Mich App 671, 682; 858 NW2d 128 (2014), rev'd on other grounds 499 Mich 636 (2016) (quotation marks and citations omitted).]

There is no dispute that the operation of the City's transportation department is a government function, and Hartley was acting within the scope of his employment. The grant of governmental immunity is broad, and the statutory exceptions are to be narrowly construed. *Robinson v Detroit*, 462 Mich 439, 455; 613 NW2d 307 (2000). The motor vehicle exception in MCL 691.1405 provides: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is the owner."

In Count III of the amended complaint, plaintiff alleged owner liability against the City under MCL 257.401, stating that Hartley was operating a city bus and the City was liable for plaintiff's injuries resulting from the "negligent, careless, and/or reckless operation" of the vehicle by Hartley. In Count IV, plaintiff alleged that the City was liable under a theory of respondeat superior for Hartley's "negligence" that was the proximate cause of plaintiff's injuries. Plaintiff failed to state or identify how these claims or the facts in support of these claims fall under the motor vehicle exception to the City's presumed governmental immunity.

Plaintiff's evidence merely alleges that Hartley made a sudden, "explosive" acceleration when he pulled the bus away from the stop, causing her to "run" down the aisle and fall on the stairs. However, absent evidence of other negligence pertaining to the operation of a bus, a plaintiff bus passenger cannot recover for injuries sustained from the normal incidents of travel. *Anderson v Transdev Servs, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356541); slip op at 5; *Seldon v Suburban Mobility Authority for Regional Transp*, 297 Mich App 427, 437; 824 NW2d 318 (2012). See also *Selman v Detroit*, 283 Mich 413, 420; 278 NW 112 (1938) ("Sudden jerks or jolts in stopping to let off and take on passengers, and in starting, are among the usual incidents of travel on street cars which every passenger must expect."). The mere fact that an injury occurred does not indicate that the bus was operated negligently. *Seldon*, 297 Mich App at 437; *Selman*, 283 Mich at 420. Although liability may attach if the sudden jerk or jolt is "unnecessarily sudden or violent," *Anderson*, ___ Mich App at ___; slip op at 5, the only evidence plaintiff submits in support of this allegation is her own affidavit and that of her fiancé's, submitting their own opinions that Hartley's acceleration was violent. I would conclude that this evidence is not sufficient to establish a genuine issue of material fact whether Hartley's actions were negligent.

Additionally, operators of public transportation do not have to wait until all passengers are seated before taking off unless there is a special and apparent reason not to. See *Anderson*, ___ Mich App at ___; slip op at 4 (applied to a QLine street car), citing *Ottinger v Detroit United R*, 166 Mich 106, 107; 131 NW 528 (1911) (applied to street car) and *Getz v Detroit*, 372 Mich 98, 99-100; 125 NW2d 275 (1963) (applied to Detroit city bus). Plaintiff alleges that the two stairs at the rear of the bus constitute a special, dangerous circumstance that required Hartley to wait until all passengers were seated before starting the bus. Such stairs to an upper level seating area in city

buses are "certainly commonplace," *Anderson*, ___ Mich App at ___; slip op at 5, and do not necessitate applying an exception to the rule.

Thus, I would conclude that plaintiff failed to plead her claims in avoidance of governmental immunity and her evidence failed to present a question of fact whether Hartley negligently operated the bus. Therefore, in my opinion, summary disposition of Counts III (owner liability) and IV (respondeat superior) in favor of the City was appropriate under MCR 2.116(C)(7) and (8).

Count II of plaintiff's amended complaint alleged "negligence" against Hartley, asserting that he operated the bus in a "careless, negligent, willful and wanton, grossly negligent and/or reckless manner." However, the exception to governmental immunity for individual employees applies only when the employee is grossly negligent. MCL 691.1407(2). This statute provides:

> [E]ach . . . employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the . . . employee . . . while in the course of employment . . . if all of the following are met:
>
> (a) The . . . employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The . . . employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 691.1407(2).]

Neither party disputes that subsections (a) and (b) of MCL 691.1407(2) are met. The issue is whether Hartley's conduct was grossly negligent and the proximate cause of plaintiff's injuries under subsection (c). The GTLA defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Gross negligence suggests almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Dougherty v Detroit*, 340 Mich App 339, 350; 986 NW2d 467 (2021) (quotation marks and citation omitted). Evidence of ordinary negligence is insufficient to meet this standard. *Id*.

Although Hartley testified that he had no recollection of this event, the incident report he authored indicated that, believing the passengers were seated, he "slowly" pulled away from the bus stop. Plaintiff and her fiancé testified that Hartley appeared angry and rushed, and "explosively accelerated" the bus unlike anything they had ever experienced. This evidence does not suggest that Hartley acted recklessly or willfully disregarded the safety of the passengers on the bus. Therefore, I would conclude that the trial court properly granted summary disposition of Count II in favor of Hartley under MCR 2.116(C)(7).

/s/ Kathleen Jansen