STIMSON, Appellant, vs. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY, Respondent.

*December 5, 1889 — January 7, 1890.*

*Railroads: Carriers: Obstruction in aisle of passenger car: Negligence: Nonsuit.*

The plaintiff entered defendant's passenger train at a station, and walked down the aisle of a car, carrying a satchel in her hand and looking for a seat.  While so walking she stumbled over two satchels in the aisle, and fell and was injured.  None of the defendant's employees were in the car at the time.  The car was lighted so that a person could, by looking, see whether there were any obstructions in the aisle.  *Held*, that evidence of the above facts did not tend to show any negligence on the part of the defendant or its employees, and that a nonsuit was properly granted.

APPEAL from the Circuit Court for *Outagamie* County. The case is sufficiently stated in the opinion.

*John Goodland*, for the appellant, cited, in addition to cases referred to in the opinion, *Terre Haute & I. R. Co. v.*

*Buck,* 96 Ind. 346; *Bohan v. M., L. S. & W. R. Co.* 58 Wis. 30; *Hoye v. C. & N. W. R. Co.* 62 id. 666; Redf. on Carriers, sec. 341; 2 Greenl. Evi. sec. 222; Cooley on Torts, 660; Shearm. & Redf. on Neg. sec. 280.

*Alfred L. Cary,* for the respondent.

TAYLOR, J. This action was brought by the appellant to recover damages for a personal injury she received while entering a passenger car of the company. The facts are few and very simple. On the 24th day of December, 1887, a passenger train of the company made its usual stop at New London, a station on its road. The plaintiff purchased a ticket from that place to Marion, another station on the same road. When the train stopped at New London, the plaintiff went on board one of the cars. Entering the car at the rear end, and carrying a satchel in her hand, she walked along the aisle of the car, looking for a seat, and while so walking she stumbled over two satchels which were then in such aisle, and fell and received considerable injury. None of the employees of the company were in the car at the time of the accident. The car was lighted at the time, so that a person entering the same could, by looking, see whether there were any obstructions in the aisle. Upon this evidence, the learned circuit judge nonsuited the plaintiff, holding that there was no evidence tending to show negligence on the part of the company or of its employees. From the judgment entered upon such nonsuit the plaintiff appeals to this court.

It is alleged that the learned circuit judge erred in holding that there was no evidence tending to show negligence on the part of the company. It is claimed that it is the duty of the company to see that the aisles of their cars are not obstructed, either by satchels or any other thing, in such a way as to endanger the safety of passengers entering or leaving such cars. This proposition must be

JANUARY TERM, 1890.        383

Stimson vs. The Milwaukee, Lake Shore & Western R. Co.

admitted to be true, so far as to compel the company and its employees to use due care and diligence in keeping the aisles of the cars unobstructed. The question in this case is whether, upon the evidence given on the trial, it raises a presumption that there was any want of care or diligence on the part of the company or its employees, in not discovering and removing the obstruction in question.

On the part of the learned counsel for the appellant, it is claimed that the proof of the accident raises a presumption of negligence on the part of the employees of the company, and the cases of *Kirst v. M., L. S. & W. R. Co.* 46 Wis. 489; *Cummings v. National Furnace Co.* 60 Wis. 603; and *Muster v. C., M. & St. P. R. Co.* 61 Wis. 325, are cited in support of this contention. The rule stated in these cases is that " there must be reasonable evidence of negligence; but where the thing [meaning the thing causing the injury] is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." In the case at bar the thing which obstructed the passage in the car was evidently the personal baggage of some passenger, and not a thing exclusively under the control or management of the employees of the company; and so the mere fact that it was in the aisle or passage-way of the car at the exact time of the accident does not, of itself, raise a presumption of negligence on the part of the employees of the company. There may be a duty on the part of the employees of the company to remove the personal baggage of passengers from the passage-ways of the cars, but, in order to make it their duty to act, there must be evidence showing or at least tending to show that such employees had notice of such obstruction being in the aisle or passage-way, or that

it had remained there so long before the accident that, in a reasonably vigilant discharge of their duties, they could have discovered the obstruction before the accident happened, and failed to remove it.

The evidence in the case shows that none of the employees of the company were in the car at the time the accident happened, and, in the absence of any proof to the contrary, we must presume that the duty of the employees required them to be at some other place while the train was at the station. All we have, therefore, is the one fact that, at the exact time of the accident, these satchels were in the aisle, and that plaintiff fell over them and was injured. The personal baggage of passengers is not "a thing under the management of the defendant and its servants," within the meaning of the rule stated in the cases above cited; and it therefore becomes necessary for the plaintiff to show by other proofs that the company or its servants were guilty of some negligence or want of ordinary care in regard to these satchels. It seems very clear that there is no evidence tending to prove such negligence. There is no evidence showing or tending to show how long these satchels had been in the aisle. It is just as reasonable to suppose that some passenger had placed them there after the train had stopped at New London as to suppose that they had been placed there before it stopped. The presumption would rather favor the conclusion that they were placed there after the train had stopped, and while the employees were performing their duty outside of the car, for the reason that negligence is not presumed, and, if they had been there before the train stopped, they would have been seen by the employees, or some of them, and removed from the aisle. Negligence cannot be predicated upon a state of facts which is as consistent with the exercise of care as it is with negligence. As said in the quotation above, "there must be reasonable evidence of negligence

Kaukauna W. P. Co. vs. Green Bay & Mississippi C. Co. and others.

on the part of the company or its employees," and in this case there is no such reasonable evidence. The nonsuit was properly granted.

*By the Court.*— The judgment of the circuit court is affirmed.