MAYME COSTELLO, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

JANUARY 17, 1928.

REHEARING DENIED APRIL 5, 1928.

*J. G. Gamble, R. L. Read,* and *Blythe, Markley, Rule & Clough,* for appellant.

*Tom Boynton* and *Senneff, Bliss & Witwer,* for appellee.

DE GRAFF, J.—I. The premises of this appeal, stated in interrogative form, are: (1) Was the defendant negligent as charged; and (2) was any act or omission on the part of the defendant the proximate cause of the plaintiff's injury? These questions were presented for answer by defendant's motion for a directed verdict at the close of plaintiff's testimony, and also upon the conclusion of all the testimony. The challenge made is determinative of this appeal.

I. The facts, briefly stated, disclose that plaintiff became a passenger on the train of defendant at Garner, Iowa, intending to ride to Forest City, a few miles distant. She occupied a seat on the east or right-hand side, near the rear end of the coach. There were several other passengers, including an old gentleman, who apparently owned the piece of luggage against which the defendant fell as she was walking toward the door, intending to leave the train when it stopped at her destination. The luggage was not the cause of her stumbling or falling. She lost her balance by reason of the jerking or lurching of the train, but negligence is not predicated on the sudden movement of the train, or chargeable to any faulty equipment thereof. Plaintiff alone testified to the causative facts. None of the passengers on the train were witnesses on this trial.

Plaintiff testified that, in her best judgment:

"The luggage or box, or whatever it was, stuck out in the aisle about fourteen inches. The old gentleman was sitting by the window. I said nothing to him about the luggage, and I did not push it back out of the aisle. I did not see any people that went ahead of me through the car have any trouble with that luggage. The man ahead of me seemed to move around it. I would not say that he had any trouble getting around it. I saw it just before I hit it. I went to step out of the way, and just then the train gave a little jerk, and I lost my balance and hit it."

Under well recognized legal principles, the fact that some luggage under the control of a passenger constituted an obstruction in an aisle of a passenger coach is not *per se* sufficient to charge a defendant railway company with negligence. It is the duty of an employee of a railway company to remove any baggage or packages from the aisle of a car when he has notice that such an obstacle is in the aisle. The railway company may become liable, in the absence of notice or knowledge, when the obstruction has remained there for a sufficient length of time before the accident that, in the exercise of due care, an employee would have discovered it before the accident occurred. *Burns v. Pennsylvania R. Co.*, 233 Pa. St. 304 (82 Atl. 246); *Stimson v. Milwaukee, L. S. & W. R. Co.*, 75 Wis. 381 (44 N. W. 748); *Spallen v. Pullman Co.*, 151 Minn. 152 (186 N. W. 233); *Beiser v. Cincinnati, N. O. & T. P. R. Co.*, 152 Ky. 522 (153 S. W. 742, 43 L. R. A. [N. S.] 1050); *Alabama Gt. S. R. Co. v. Johnson*, 14 Ala. App. 558 (71 So. 620); *Rittle v. St. Paul City R. Co.*, 149 Minn. 216 (183 N. W. 146).

The negligence of the company, therefore, arises by its failure to remove the obstruction after its employee becomes aware of the fact that an obstruction exists, or where, in the exercise of ordinary care, he should have known that there was an obstruction, and could have removed it. In the instant case, the plaintiff alone testifies that there was an obstruction in the aisle, but she did not see it until a moment before she came in contact with it. It cannot be presumed that the obstruction was in the aisle for a sufficient length of time to charge the employee of the company with its presence, in the absence of any proof upon which to predicate the presumption. Plaintiff did

not observe any obstruction in the aisle, and does not testify that the obstruction was in the aisle at or prior to the time that she momentarily saw it as she was leaving the car. No one else saw it. The defendant's brakeman and conductor testified that there was no obstruction in the aisle when they passed through, shortly prior to the time when the train reached plaintiff's destination.

The theory of the case in the trial court, and as submitted under the instructions, was that:

"The mere fact, if you find it to be a fact, that an obstruction was in the aisle when plaintiff was passing, is not of itself sufficient to show negligence on the part of the defendant. In order to constitute negligence on defendant's part, such obstruction must be at a point in the aisle when defendant's brakeman passed along said aisle."

There is evidence that the brakeman on the train passed through the aisle a short time prior to the accident. There is no evidence tending to prove that the luggage was in the aisle at any appreciable time prior to the contact of the plaintiff with it.

It is quite obvious that if, between the time the brakeman passed this point and the time the obstruction was seen by the plaintiff, the "old man" or any other passenger had intentionally or otherwise slipped or placed an obstruction in the aisle, then the defendant is in no way responsible therefor or liable to plaintiff. The jury, under the instructions, must have found, and without evidence upon which to predicate its finding, that the obstruction was in the aisle at the time the brakeman passed through the aisle on his last trip immediately prior to the arrival of the train at plaintiff's destination.

It may be conceded that the luggage or obstruction *might* have been in the aisle at the time the brakeman passed through on his last trip, and if such were the fact, the brakeman was negligent in failing to remove it. In other words, negligence may have existed in fact, but there is no evidence to establish the fact, and there is no inference or presumption under the shown facts which can avail the plaintiff, on whom the burden rested.

II. One further observation may be made. Plaintiff testified that she saw the obstruction in the aisle as she was walking toward the door, and started to go around the obstruction, but

lost her balance by reason of a jerk or lurch of the train, which sudden movement caused her to fall against the obstruction. This evidence is the basis of appellant's contention that no act or omission on the part of the defendant was the proximate cause of plaintiff's alleged injury.

In the light of what has been said in the first division of this opinion, we deem it unnecessary to determine the question of proximate cause, or whether the injury was caused by the concurrent negligence, if any, in the movement of the train and the obstruction in the aisle. The movement of the train is not alleged as an act of negligence, but only the presence of "a box that had been by the defendant company negligently permitted to remain in the aisle."

The motion for directed verdict should have been sustained. Wherefore, the judgment entered is—*Reversed.*

EVANS, ALBERT, MORLING, and KINDIG, JJ., concur.