JOHN HARMON WILLIAMS, BY HIS NEXT FRIEND, MRS. MATILDA ,WILLIAMS, v. QUEEN CITY COACH COMPANY, A CORPORATION.

(Filed 19 November, 1947.)

**1. Evidence § 5—**

It is a matter of common knowledge that .22 caliber rifles are small firearms three feet or more in length.

**2. Carriers § 21a (2)—**

Ordinarily a carrier is not responsible for injury to a passenger from the acts of another passenger unless the circumstances are such that, in the exercise of ordinary care, the carrier could have anticipated and guarded against it.

**3. Carriers § 21b—**

The duty of caring for small baggage rests primarily upon the passenger to whom it belongs, and a carrier can be held liable for injury caused by baggage falling from the baggage rack only if its employees have actual notice that baggage placed in the rack is placed in such manner or is of such size and shape that it is likely to fall and injure someone, or the conditions creating danger must have existed a sufficient length of time to affect the carrier with constructive notice.

**4. Same—Evidence held insufficient to show negligence of carrier in respect to fall of baggage from rack.**

A passenger entered a bus with a .22 caliber rifle and placed the rifle in the baggage rack. As the bus was moving slowly back onto the pavement the rifle fell and struck plaintiff passenger on the head, causing serious injury. There was no evidence that the baggage rack was defective nor that it was not of the standard type in general use, nor evidence of any unusual jerk or motion of the bus other than those occasioned in normal

operation, nor evidence upon which actual or constructive notice that the baggage was in a precarious position could be imputed to the carrier. There was no allegation or attempt to prove that the rifle was such unusual or dangerous baggage that the driver's attention should have been attracted by it and that he should have ascertained that it was stored in a manner so as not to cause injury to some passenger. *Held:* Defendant carrier's motion to nonsuit should have been allowed.

SEAWELL, J., dissents.

APPEAL by plaintiff from *Patton, Special Judge,* at July Term, 1947, of McDOWELL. Affirmed.

Civil action for damages alleged to have been caused by the negligence of the defendant.

Defendant is a franchise carrier of passengers for hire and as such operates buses over and upon the highway from Burnsville to Asheville to Marion. Plaintiff is an infant who was approximately four months old at the time he received the injuries alleged. He appears by his next friend who is his mother.

On 27 December 1944, Mrs. Williams, the mother, carrying plaintiff in her arms, boarded the Asheville bus at the Bee Log flag stop west of Burnsville for the purpose of returning to Marion. She found a seat about the middle of the bus. At that time the bus was full, but passengers were not standing in the aisle.

When the bus reached Cane Creek Service Station, another flag stop, it drove off the hard surface and stopped to take on passengers. "Quite a few people got on there and that about filled the bus and they stood in the aisle." Among those who got on was a man carrying a .22 gauge rifle. He placed the rifle in the baggage rack over the seat occupied by plaintiff and his mother and moved on toward the rear of the bus.

As the bus started moving on the pavement the rifle fell, some part of it hitting plaintiff on the head. The bus "was just pulling out and was going very slowly" when the rifle fell.

The baggage rack "was one of those latticed racks." It was made of metal bars two or three inches apart, extending the length of the bus, supported by metal bars attached to the side of the bus. The spacing of these latter bars is not disclosed.

While the doctor testified that there was no evidence of any physical injury to plaintiff's head, there was testimony tending to show that he received serious and permanent injury to the tissues of the brain.

At the conclusion of the evidence for plaintiff the court, on motion of defendant, dismissed the action as in case of nonsuit and plaintiff appealed.

*Paul J. Story for plaintiff appellant.*
*Williams, Cocke & Williams for defendant appellee.*

BARNHILL, J.   On this record we must consider the rifle which injured the plaintiff not as a firearm but as baggage.   It is so characterized by plaintiff in his complaint.   So considering it the court below concluded that plaintiff had failed to offer any evidence of actionable negligence on the part of the defendant in respect thereto.   We concur in that conclusion.

There is no evidence in the record tending to show that there was any defect in the baggage rack or that it was negligently constructed or that it was not of the standard type in general use in buses.   *Saunders v. R. R.,* 185 N. C., 289, 117 S. E., 4; *Williams v. N. J.-N.Y. Transit Co.,* 113 F. (2d), 649.

It is a matter of common knowledge that .22 rifles are small firearms three feet or more in length.   *S. v. Vick,* 213 N. C., 235, 195 S. E., 779. While the space between the floor bars of the rack was such that an object of this kind would fall between them if not held by the support or cross bars, the spacing of these supports or cross bars is not disclosed and there is no fact or circumstance to indicate that such object, properly placed in the rack, would not be adequately held and retained by them.

The plaintiff does not allege or attempt to prove that the rifle was such unusual or dangerous baggage that the attention of defendant's employee should have been attracted by it as the passenger entered the bus and that it should have warned him to make sure immediately it would not be stored in such manner that it might inflict injury on some passenger. Instead, he alleges "that defendant knew, or in the exercise of ordinary and reasonable care should have known, that said baggage racks would be used by passengers to store rifles and guns, and knew . . . that such objects would be dislodged by the vibration of said bus when in motion . . ."

So then the question comes to this: Was the baggage dislodged from the rack by the mode of operation of the bus or was it placed in the rack in an insecure manner, of which fact defendant had either actual or constructive notice?

There is no evidence of any unusual jerk or jolt in excess of such as are incident to the ordinary operation of a bus, *Wade v. North Coast Transp. Co.,* 5 P. (2d), 985, and cases cited, or of any unusually sudden or violent stopping or braking of the bus such as would cause or be likely to cause the baggage to fall.   *Rosenthal v. N. Y., N. H. & H. R. Co.,* 89 A., 888, 51 L. R. A. (N. S.), 775.   To the contrary, "the bus was just pulling out and was going very slowly."

Ordinarily a carrier is not responsible for injury to a passenger from the acts of another passenger unless the circumstances are such that, by the exercise of ordinary care, he could have anticipated the danger°and guarded against it. *Adams v. L. & N. R. Co.,* 121 S. W., 419; *L. & N. R. Co v. Rommele,* 154 S. W., 16, Ann. Cas. 1915B, 267. The duty of caring for small baggage rests primarily upon the passenger to whom it belongs. The negligence, if any, of the carrier rests in the fact that its employee did not, in the exercise of ordinary care, see the precarious or dangerous manner in which baggage was placed and either remove it or secure it. Anno. 37 L. R. A. (N. S.), 724.

If the servants of defendant whose duty it is to look after the safety and comfort of passengers see, or have opportunity in the performance of their duties to see, a package or bundle in a rack, and it is of such size or appearance, or is so placed in the rack as that a prudent person in the exercise of ordinary care might reasonably anticipate that the movement of the car would cause it to fall out, it is the duty of such servants to remove it from the rack or to secure it in some way, and if they fail so to do, and the passenger is injured by the fall of the package from the rack, the carrier will be liable. *L. & N. R. Co. v. Rommele, supra.*

Liability rests upon failure to act after notice. In order to make it the duty of an employee to act, he must have actual notice that the baggage is placed in the rack in such manner or is of such size or shape that it is likely to fall and injure some passenger, or the condition creating danger must have existed a sufficient length of time to affect him with constructive notice. *Greer v. Public Service Co-ordinated Transport,* 12 A. (2d), 844; *Burns v. P. R. Co.,* 82 A., 246, Ann. Cas. 1913B, 811; *Adams v. L. & N. R. Co., supra.*

The plaintiff makes no contention that the employee of defendant knew the rifle had been placed in the rack. If there was anything in the appearance of the rifle as so placed to indicate danger of its falling—and there is no testimony tending to so show—this condition of things had not existed long enough for it to be a question for the jury whether by the exercise of ordinary care the defendant's employee should have observed it. *Williams v. N. J.-N. Y. Transit Co., supra; Beiser v. Cincinnati N. O. & T. P. Ry. Co.,* 153 S. W., 742; *Gulf, C. & S. F. Ry. Co. v. Shields,* 29 S. W., 652; 4 Blashfield Cyc. L. & P., pt. 1, 47.

It follows that the plaintiff has failed to make out a case for the jury on the cause of action alleged. Hence the judgment below must be
Affirmed.

SEAWELL, J., dissents.