## MERRITT v. INTERSTATE TRANSIT LINES.

### No. 13787.

United States Court of Appeals
Eighth Circuit.

Dec. 28, 1948.

606

William J. Hotz, Jr., of Omaha, Neb. (Hotz & Hotz, William J. Hotz and William F. Dalton, all of Omaha, Neb., on the brief), for appellant.

R.B. Hamer, of Omaha, Neb. (T. F. Hamer, of Omaha, Neb., and Addison G. Kistle, of Council Bluffs, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant to recover damages for personal injuries alleged to have been caused by the negligence of appellee while plaintiff was being transported by defendant as a passenger on its bus. The parties will be referred to as they were designated in the trial court.

Plaintiff, in his complaint, alleged that defendant at the times alleged was a public carrier of passengers operating a bus line from Council Bluffs, Iowa, to Iowa City, Iowa, and points east; that while he was a fare-paying passenger on defendant's bus he was injured through the negligence of defendant in that while he was occupying a seat nearest the aisle on defendant's eastbound bus, "a suit case which had been placed in a rack above plaintiff's head fell from its position and struck plaintiff on the face, head, nose and right hand inflicting the injuries hereinafter set forth;" that he was free from contributory negligence; that he had not placed the suit case in the rack above his seat; that he believed that the bus driver had competent-

ly supervised the loading of baggage and that "from all appearances to the plaintiff the suit case, being the property of other passengers, was securely located with other baggage in said baggage rack in said bus;" that the suit case had been permitted by the operator of the bus to be placed in an insecure manner in the rack above plaintiff and that the operator either knew or should have known this fact. For the injuries received and which were described in the complaint plaintiff asked judgment for $10,595.

In its answer defendant admitted its corporate existence under the laws of the State of Nebraska; that it was a public carrier of passengers and that plaintiff, at the time mentioned in his complaint, was a passenger on one of its busses. It denied generally all other allegations of the complaint and specifically denied that it was negligent in any manner, or that plaintiff sustained any injury by reason of its negligence.

The case was tried to the court without a jury. Both the plaintiff and the defendant offered evidence. The court handed down a memorandum opinion, following which, or as a part of which, it made findings of fact and conclusions of law determining on their merits all the issues in favor of the defendant. From the judgment entered in conformity with the court's findings and conclusions, plaintiff appeals.

Generally speaking, plaintiff seeks reversal on the ground that the findings do not sustain the judgment entered. None of the evidence is contained in the record but the appeal is based solely on the judgment roll. In his statement of points to be argued it is contended, (1) that a carrier of passengers is required to exercise a high degree of care, and if it has notice, actual or constructive, of stowed baggage in a position which could become dangerous, it is liable to the passengers for injuries resulting from an improper stowage; (2) a carrier is charged with notice of the presence of improperly packed luggage within a reasonable time after placement of baggage in the rack by some one other than the driver; (3) a carrier charged with notice that a large suit case has been brought into a bus by a passenger,

has the responsibility of promptly inspecting such baggage when placed over the heads of other passengers; (4) when baggage placed in an overhead rack of a bus by a passenger falls and causes injury to another passenger, and such rack is shown to be under the exclusive control of defendant's bus driver, and the fall of the baggage is such that in the ordinary course of travel would not have happened had the driver seen to it that the baggage was placed so that it would not fall in the ordinary course of travel, such facts give rise to an inference or presumption of negligence under the doctrine of res ipsa loquitur.

The appeal, as has been observed, is based solely upon the judgment roll, no evidence being contained in the record. The trial court made specific findings of fact and conclusions of law as follows:

"Facts

"1st. I find that the plaintiff has failed to establish any negligence on the part of the defendant or its employees which caused a suit case to fall and strike the plaintiff on the head while he was a passenger on defendant's bus.

"2nd. I find that there is no evidence that the employees of the defendant knew or in the exercise of ordinary care should have known that the suit case was in a perilous position or situation, if it was in such a situation or position, that it might fall on the head of a passenger.

"3rd. That the evidence fails to show that any negligence on the part of the driver of the bus in failing to inspect the baggage any more that he did inspect it was the proximate cause of any injury to the plaintiff.

"4th. I find that plaintiff has failed to establish by the evidence a cause of action against the defendant.

"And as a

"Conclusion of Law

"I find—

"That Plaintiff's petition should be dismissed upon its merits."

In the court's memorandum opinion is a recital of certain alleged facts and it is

somewhat difficult to determine whether they are stated as such or whether they are stated as the testimony or claim of the plaintiff. It is the contention of plaintiff that the statements or recitals contained in the court's memorandum opinion may be considered as findings of fact, though not designated as such. On the other hand, counsel for defendant contend that the findings of fact are presumptively correct and are conclusive on appeal when the evidence upon which the findings are based is not presented by the record, and that the opinion of the court cannot be considered as taking the place of the evidence presented to the District Court.

The findings of the trial court are presumptively correct and may not be set side on appeal unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. This rule has recently been amended and as amended it includes, among other things, the following: "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein." In the instant case there are embodied in the opinion specific findings and conclusions and this gives rise to the question whether, notwithstanding the specific statement of the court's findings and conclusions, we may, nevertheless, look to the recitals or statements in other parts of his opinion. Assuming without deciding, that we may refer to this memorandum insofar as it purports to relate facts, the recitals may be summarized as follows:

Plaintiff was a passenger on an interstate bus owned by defendant, and "according to his story," left Council Bluffs, Iowa, about 12:30 p. m., March 30, 1945, for the east. There was a rack for baggage above the heads of the passengers on each side of the bus and as the bus left Council Bluffs he saw the bus driver inspect the baggage that was in the racks. "He says", that after the bus had been about two hours out of Council Bluffs a passenger carrying a large suit case got on the bus and placed the suit case above the seat in which plaintiff was riding. About thirty minutes later it hit him on the head and fell to the floor. At the time of the accident plaintiff was not asleep; that the passenger who placed the suit case in the rack above him got off the bus at Des Moines and took the suit case with him; that there is a large mirror in front of the driver's seat through which the driver can view the entire bus. The racks sloped outward and downward from the center of the bus and had a flange in front three and one-half to four inches high. Plaintiff did not observe any movement of the bus that might have dislodged the suit case from the rack and "makes no claim that the movement of the bus had anything to do with its dislodgment." He did not observe anything unusual about the operation of the bus. At the time the suit case fell, the driver did not come back, but later, about 2:30 p. m., plaintiff told the driver that there had been an accident, and the driver responded, "What accident?" The rest of the memorandum consists of a discussion of the applicable law and a statement to the effect that it is the duty of the court "to determine on the whole case whether or not there has been any negligence shown or inferred from the proven facts, and this I am unable to do." It is to be observed that the recitals do not purport to be facts as determined by the court, but the facts as claimed by the plaintiff.

■■■ Although defendant was a common carrier and plaintiff was a passenger on its bus at the time of receiving his injuries, defendant was not an insurer of plaintiff's safety but was required to exercise the highest degree of care for his safety consistent with its methods of transportation. Hauser v. Chicago, R. I. & P. Ry. Co., 205 Iowa 940, 219 N.W. 60, 58 A.L.R. 687; Weber v. Chicago, R. I. & P. Ry. Co., 175 Iowa 358, 151 N.W. 852, L.R. A.1918A, 626; Parker v. Des Moines City Ry. Co., 153 Iowa 254, 133 N.W. 373, Ann. Cas.1913E, 174. Liability must, therefore, be predicated upon negligence. Ordinarily the question of negligence is one of fact to be determined from the facts and circumstances of each case. It becomes a matter of law only when the facts are undisputed, or if in dispute are of such a nature that all reasonable men must reach the same conclusion. Even though the facts are undisputed, the ultimate question as to whether or not negligence may be inferred there-

from may still remain a question of fact for determination by the jury if the case is tried to a jury, or by the court if the case is tried to the court. The court here, on the evidence which is not before us, determined as a matter of fact that the defendant was not guilty of negligence.

It is, however, urged by counsel for plaintiff that the facts in connection with the accident were such as to make applicable the res ipsa loquitur doctrine, and it appears from the trial court's memorandum that that doctrine was considered by the trial court in determining the issues here. It appears from the recitals in the court's memorandum that the plaintiff testified that another passenger brought this suit case into the bus and placed it in the rack. It was not turned over to the driver of the bus and the Supreme Court of Iowa has held that it is not negligence for a carrier to permit a passenger to carry or keep his baggage inside of the car and in his own possession and control, and that the negligence of such owner of baggage is not attributable to the carrier unless the agents of the carrier knew, or in the exercise of ordinary care should have known, that the baggage was placed in a position that would endanger the safety of other passengers. Costello v. Chicago, R. I. & P. Ry. Co., 205 Iowa 1077, 217 N.W. 434. Before the doctrine of res ipsa loquitur can be invoked it must appear that the thing which caused the injury to plaintiff was under the control of defendant and that the occurrence was such as in the ordinary course of events would not have happened if those who had its control had used proper care. Here defendant's driver did not have control of this personal baggage. He did not place it in the rack and hence, the res ipsa loquitur doctrine is not applicable. Welch v. Greenberg, 235 Iowa 159, 14 N.W.2d 266; Pierce v. Gruben, 237 Iowa 329, 21 N.W.2d 881. There apparently was no claim that the rack was defective, nor was there any claim of negligence in the manner of operating the bus. There is nothing in the record to show the dimensions of this suit case, nor is there anything to show whether it was disturbed after being placed in the rack, by other baggage being removed therefrom. As there was no negligence in permitting the passenger to retain possession and control of his personal baggage, if defendant was guilty of any negligence it must have been after the baggage was taken into the bus. No one is required to guard against or take measures to avert that which a reasonably prudent person under the circumstances would not anticipate as likely to happen. Here the bus driver could not have anticipated that the passenger who brought this suit case into the bus would be negligent in placing it in the rack which was without defect; nor could he have anticipated that any other passenger would be negligent in removing any baggage which might disturb the baggage of others in the rack. One cannot, in the absence of knowledge or notice, actual or constructive, be held to be negligent for failure to anticipate negligence in others. St. Mary's Hospital v. Scanlon, 8 Cir., 71 F.2d 739. There is in this record neither finding of fact, nor evidence requiring a finding, that the bus driver had knowledge or notice, actual or constructive, that the suit case had been insecurely placed in the rack. Even if the res ipsa loquitur doctrine were applicable, the presumption of negligence arising from the happening of the accident is not conclusive, but is rebuttable. As said by the trial court, "The rule in Iowa is that a res ipsa loquitur case only raised an inference for the jury or trier of the facts, which may upon all the evidence determine whether the plaintiff has sustained his allegations of negligence," citing Anderson v. Ft. Dodge, D. M. & S. R. Co., 208 Iowa 369, 226 N.W. 151; Preston v. Des Moines Ry. Co., 214 Iowa 156, 241 N.W. 648.

It must be borne in mind that this is not a case in which the court directed a verdict in favor of defendant, but instead, after hearing all the evidence, it found for defendant.

We, in effect, are asked to reverse the judgment on the ground that the evidence was such that plaintiff was entitled to a judgment as a matter of law and we are asked to do this with none of the evidence before us. We cannot say from this record that the findings are clearly erroneous,

610

and as they find as a fact that the defendant was guilty of no negligence causing plaintiff's injury, they sustain the judgment appealed from. The court's findings are not only presumptively correct but are supported by such recitals of fact as appear in the record and the conclusions of law are sustained by the weight of authority. Costello v. Chicago R. I. & P. Ry. Co., supra; Wade v. North Coast Transp. Co., 165 Wash. 418, 5 P.2d 985; Poliakoff v. Shelton, 193 S.C. 398, 8 S.E.2d 494; Whiting v. New York Cent. & H. R. Co., 97 App.Div. 11, 89 N.Y.S. 584; Stimson v. Milwaukee, L. S. & W. Ry. Co., 75 Wis. 381, 44 N.W. 748.

The judgment appealed from is therefore affirmed.