MARY E. HAYES
*vs.*
NEW ENGLAND GREYHOUND LINES, INC.

Cumberland.   Opinion, August 31, 1955.

*Oakes & Oakes,* for plaintiff. ·

*Berman, Berman & Wernick,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ., THAXTER, A. R. J. TAPLEY, J., did not sit.

BELIVEAU, J. On exceptions. During the trial the plaintiff noted two exceptions to the exclusion of testimony offered by her. These exceptions are now abandoned. The remaining exception is to the direction of a verdict for the defendant.

Late in the afternoon of September 9, 1953, the plaintiff, as a paying passenger, boarded the defendant's bus at Portland with Portsmouth, N. H., as her destination. Some time after the bus had left Portland and while in motion, a small bag fell from the baggage rack, directly over the plaintiff, and she claims, came in contact with her person and caused some physical injuries. The bag was one owned by one Fay Aust who boarded the bus at Portland and who testified that she placed this small bag, weighing 2⅜ lbs. when empty, on top of other luggage already there in the overhead baggage rack. The bus was in charge of a driver who was the only employee concerned with its operation and supervision.

The complaint of the plaintiff, on which she bases her action, is that there was no such inspection as the law requires and failure to so inspect was the negligence which caused her injuries.

The plaintiff does not contend that the baggage rack, socalled, was not of proper construction and not of sufficient size to accommodate such baggage as pasengers saw fit to place thereon.

It appears from the evidence that Miss Aust was one of · the very last to board the bus and that, just before, the driver had checked the baggage on the rack.

"Ordinarily a carrier is not responsible for injury to a passenger from the acts of another passenger unless the circumstances are such that, by the exercise of ordinary care, he could have anticipated the danger and guarded against it. Adams v. Louisville & N.R.Co., 134 Ky. 620, 121 S.W. 419, 135 Am.St.Rep. 425, 21 Ann.Cas. 321; Louisville & N.R.Co. v. Rommele, 152 Ky., 719, 154 S.W. 16, Ann. Cas. 1915B, 267. The duty of caring for small baggage rests primarily upon the passenger to whom it belongs. The negligence, if any, of the carrier rests in the fact that its employee did not, in the exercise of ordinary care, see the precarious or dangerous manner in which baggage was placed and either remove it or secure it. Anno. 37 L.R.A., N.S., 724."

*Williams* v. *Queen City Coach Co.,* 228 N. C. 191, 44 S. E. (2nd) 883, 885.

"Liability rests upon failure to act after notice. In order to make it the duty of an employee to act, he must have actual notice that the baggage is placed in the rack in such manner or is of such size or shape that it is likely to fall and injure some passenger, or the condition creating danger must have existed a sufficient length of time to affect him with constructive notice. Greer v. Public Service Coordinated Transport, 124 N.J.L. 512, 12 A. 2nd 844; Burns v. Pennsylvania R. Co., 233 Pa. 304, 82 A. 246, Ann. Cas. 1913B, 811; Adams v. Louisville & N.R. Co., supra."

*Williams* v. *Queen City Coach Co., supra,* at 886.

The driver or operator of a one-man bus, while he must use reasonable care and correct a negligent situation when it is, or should be, known to him, is not required to be constantly on the alert to cope with the negligence of other passengers.

The only evidence here is that the bag fell and struck the plaintiff. There is nothing to show what caused the bag to disengage itself and fall from the rack. The bus had been

in motion for some time and when this occurred—the operation, speed, etc., was normal.

Under the evidence and the law, the plaintiff has failed to prove any negligence on the part of the defendant and the motion for a directed verdict was properly granted.

*Exception overruled.*