Margaret TALBOTT, Appellant,

v.

CHICAGO AND NORTH WESTERN RAILWAY COMPANY, a corporation, Appellee.

No. 15688.

United States Court of Appeals Eighth Circuit.

April 26, 1957.

George F. Davis, Sioux City, Iowa (Frank P. Whicher and T. M. Whicher,

Sioux City, Iowa, on the brief), for appellant.

Frank W. Davis, Des Moines, Iowa (Ray H. Johnson, Jr., and Davis, Huebner & Johnson, Des Moines, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, JOHNSEN, Circuit Judge, and DONOVAN, District Judge.

GARDNER, Chief Judge.

This was an action brought by appellant as plaintiff to recover damages for personal injuries sustained by her alleged to have been caused by the negligence of appellee while she was a passenger on appellee's train. The parties will be referred to as they were designated in the trial court.

In her complaint she alleged that while she was being transported for hire by the defendant, a common carrier, she was struck and injured by a piece of baggage or luggage owned by another passenger which dislodged from the baggage rack above her seat. Plaintiff charged defendant with specific acts of negligence in count one of her complaint but relied upon the doctrine of res ipsa loquitur as a basis for recovery in count two of her complaint.

By its answer defendant denied all allegations of negligence charged in plaintiff's complaint. Defendant admitted the allegations going to the jurisdiction of the court, admitted that plaintiff at the time of sustaining her injuries was a passenger on defendant's train and admitted that a piece of baggage or luggage owned by another passenger fell from the baggage rack above her seat, striking her upon the head and neck. It then affirmatively charged that under the facts as alleged the doctrine of res ipsa loquitur was not applicable.

The action was tried to the court and a jury. At the close of plaintiff's testimony defendant moved for a directed verdict on the grounds that there had been no evidence offered to sustain the allegations of specific negligence and that the doctrine of res ipsa loquitur had

no application to the facts of the instant case. The court sustained defendant's motion and entered judgment dismissing plaintiff's action. Plaintiff seeks reversal on the following grounds: (1) the court erred in sustaining defendant's motion for a directed verdict because (a) under decisions of the Iowa Supreme Court the plaintiff was entitled to the benefit of the res ipsa loquitur inference of negligence by showing that the relationship of passenger and carrier existed at the time she sustained injuries due to some mishap or unusual occurrence, and (b) this court's decision in the case of Merritt v. Interstate Transit Lines, 8 Cir., 171 F.2d 605, 609, does not govern the instant case.

In the final analysis the controlling issue presented by this appeal is whether or not under the undisputed facts plaintiff might rely upon the doctrine of res ipsa loquitur. The trial court, following our decision in Merritt v. Interstate Transit Lines, supra, concluded that the doctrine was not applicable and, as there was no evidence of actionable negligence on the part of defendant, instructed the jury to return a verdict for defendant.

The decision in Merritt v. Interstate Transit Lines, supra, involved a consideration of the Iowa law, as does the instant case. In that case, speaking of the circumstances under which the res ipsa loquitur doctrine might be invoked, we said:

"Before the doctrine of res ipsa loquitur can be invoked it must appear that the thing which caused the injury to plaintiff was under the control of defendant and that the occurrence was such as in the ordinary course of events would not have happened if those who had its control had used proper care."

In the instant case it appeared from the allegations of the complaint and the admissions in the answer that the baggage which fell from the rack above plaintiff's seat belonged to another passenger and there was no evidence indicating that it had ever been under the

control of the defendant. The facts are so similar to those considered by us in the Merritt case that we think the law as announced by us in that case peculiarly apposite here. In discussing the right of a passenger to retain control of his baggage and the responsibility of the carrier arising from an injury caused by its falling from a baggage rack we said:

"It was not turned over to the driver of the bus and the Supreme Court of Iowa has held that it is not negligence for a carrier to permit a passenger to carry or keep his baggage inside of the car and in his own possession and control, and that the negligence of such owner of baggage is not attributable to the carrier unless the agents of the carrier knew, or in the exercise of ordinary care should have known, that the baggage was placed in a position that would endanger the safety of other passengers. Costello v. Chicago, R. I. & P. Ry. Co., 205 Iowa 1077, 217 N.W. 434. * * * Here defendant's driver did not have control of this personal baggage. He did not place it in the rack and hence, the res ipsa loquitur doctrine is not applicable. Welch v. Greenberg, 235 Iowa 159, 14 N.W.2d 266; Pierce v. Gruben, 237 Iowa 329, 21 N.W.2d 881. There apparently was no claim that the rack was defective, nor was there any claim of negligence in the manner of operating the bus. * * * As there was no negligence in permitting the passenger to retain possession and control of his personal baggage, if defendant was guilty of any negligence it must have been after the baggage was taken into the bus."

See also Fanelli v. Illinois Central Railroad Company, 246 Iowa 661, 69 N.W.2d 13; Costello v. Chicago, R. I. & P. Ry. Co., 205 Iowa 1077, 217 N.W. 434; Welch v. Greenberg, 235 Iowa 159, 14 N.W.2d 266; Pierce v. Gruben, 237 Iowa 329, 21 N.W.2d 881; Airline Motor Coaches v. Caver, 148 Tex. 521, 226 S.W.2d 830; Williams v. Queen City Coach Co., 228 N.C. 191, 44 S.E.2d 883; Hayes v. New England Greyhound Lines, 151 Me. 169, 116 A.2d 655.

It is, however, argued by plaintiff that under the Iowa decisions the res ipsa loquitur doctrine may be invoked by the mere showing that the relationship of passenger and carrier existed at the time she sustained her injuries due to some mishap or unusual occurrence. We cannot agree. The cases cited in support of this contention are readily distinguished. In Chicago, Rock Island & Pacific R. Co. v. Fleischman, 8 Cir., 204 F.2d 799, decided by this court and relied upon by plaintiff, a passenger was injured by stumbling over a pot of hot coffee that had been placed in the aisle of the coach by a dining car waiter. In that case the defendant railway company conceded negligence on the part of its employee, and on the appeal argued only the question of the contributory negligence of the plaintiff and the lack of substantial evidence to support the trial judge's findings as to the loss of earnings by the plaintiff. In Arnett v. Illinois Cent. R. Co., 188 Iowa 540, 176 N.W. 322, the plaintiff was injured while riding as a passenger on a train which was involved in a collision between the train upon which he was riding and another train of the defendant railway company. All of the instrumentalities involved in that accident were exclusively under the control of the defendant railway company. In Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N.W. 320, a passenger was injured as the result of a collision between the motor bus in which she was riding and another motor vehicle. In Hunt v. Chicago, B. & Q. R. Co., 181 Iowa 845, 165 N.W. 105, L.R.A. 1918B, 369, a conductor on one of defendant railway company's freight trains was injured and it was contended that while he was engaged in the performance of his duties in the caboose there was a sudden jerk of the train which threw him to the floor causing his in-

jury. Plaintiff urged in that case that the doctrine of res ipsa loquitur was applicable. However, the Iowa Supreme Court said in that case that the doctrine of res ipsa loquitur was not applicable because the circumstances of a sudden jerk were not so unusual as to create a prima facie case of negligence against the railway company. The other case relied on by plaintiff is Frost v. Des Moines Still College of Osteo. & Surg., Iowa, 79 N.W.2d 306. This case did not even involve a common carrier but involved injury to a patient while undergoing surgery under anesthetic in a hospital while the injured person was unconscious and under the complete dominion and control of the hospital, its staff and the attending physician.

What is said in 10 Am.Jur., Carriers, Sec. 1625, p. 370, is here apposite. It is there said:

"It is clear, under most decisions, that the mere proof of an injury to a passenger, without more, does not raise a presumption of negligence against the carrier, and generally those cases in which statements are made indicating the existence of a rule that a presumption arises from the mere proof of an injury to a passenger will be found, upon closer examination, to have been decided upon facts which are ordinarily construed to give rise to the doctrine of res ipsa loquitur, and that the intendment of the decisions was to express the rule with reference to the circumstances of the particular cases."

The contention that the doctrine of res ipsa loquitur is applicable in every passenger-carrier case is decisively negatived by a very recent decision of the Supreme Court of Iowa in Fanelli v. Illinois Central Railroad Company, supra. In that case the plaintiff was a passenger on a Pullman car on the line of the defendant railroad company. The train on which she was riding arrived at her destination at Fort Dodge, Iowa, while the plaintiff was asleep. She was awakened by the conductor and advised to alight immediately as the train was ready to pull out. As she started to descend the steps of the Pullman car to the station platform she fell and was injured. She was unable to tell how the accident occurred and the trial court sustained motions of both the defendant Illinois Central Railroad Company and the defendant Pullman Company for a directed verdict on the ground that the plaintiff had failed to introduce any evidence of breach of duty owed to her as a passenger. On the appeal in that case it was earnestly urged that the plaintiff was entitled to rely upon the doctrine of res ipsa loquitur to establish a prima facie case of negligence on the part of the defendants. In holding that the doctrine of res ipsa loquitur was not applicable the Iowa Supreme Court said [246 Iowa 661, 69 N.W.2d 20]:

"From what has been said, it must be clear the doctrine of res ipsa loquitur is not applicable. It is conceded by defendants that they were in control of the coach plaintiff was leaving, though it was not in operation at the time. It was stationary at the depot. There is no showing by plaintiff as to what caused her to fall. Both are necessary elements to place upon defendants the burden to absolve themselves from liability for the damage. 10 Am.Jur., Carriers, pp. 366, 370; 13 C.J.S., Carriers, Sec. 764, pages 1455, 1460. The facts and circumstances accompanying the injury must be shown. 38 Am.Jur., Negligence, § 295, page 989; Shinofield v. Curtis, 245 Iowa [1352], 66 N.W. 2d 465, and cases cited therein; Whitmore v. Herrick, 205 Iowa 621, 218 N.W. 334; Nicoll v. Sweet, 163 Iowa 683, 144 N.W. 615, L.R.A. 1918C, 1099; Dodge v. McFall, 242 Iowa 12, 45 N.W.2d 501. We agree with the trial court when it said:

" 'She had established that an accident occurred, but has not established how it occurred; and this is

essential if the doctrine of res ipsa loquitur is to apply.'

"Her failure to show the cause of her fall leaves nothing upon which the doctrine can operate. We find in 13 C.J.S., Carriers, § 764, at page 1460, the following:

" 'Negligence is not inferable from the fact that a passenger fell in alighting from a car because of the height of the running board. A passenger, catching his foot on a step while alighting from a vehicle, must prove that the injuries were caused by a visible defect which the carrier could have discovered.'

"While we do not hold res ipsa loquitur is not applicable to such cases, we agree with the trial court that the facts and circumstances here related will not justify its application. In the case of Gardner v. Chicago & M. Electric Ry. Co., 164 Wis. 541, 159 N.W. 1066, supra, similar to the case at bar, the court discusses the related circumstances and states:

" 'Verdicts cannot rest upon conjecture. * * * This is not a case of res ipsa loquitur, but an ordinary negligence case in which the burden rests upon the plaintiff to show to a reasonable certainty the nature and character of defendant's negligence.'

"We said in Dodge v. McFall, supra, on page 14 of 242 Iowa, on page 502 of 45 N.W.2d:

" ' * * * he must establish the way the injury occurred *as well as defendant's control of the instrumentalities involved.* " * * * the doctrine of res ipsa loquitur does not raise any presumption as to what did occasion the injury, but, after the evidence has established the thing which did occasion the injury, then, under certain circumstances, this doctrine will raise a presumption of negligence." '

"We deem it unnecessary to extend this opinion further by discussing the many cases cited by able counsel upon the exercise of due care by carriers. In every case cited by plaintiff there appeared positive evidence of the cause of the accident or fall, and a breach of some duty by the defendant carrier which had a causal connection to the injury. In the cases cited by defendants, on the other hand, there was a failure to show a breach of duty or a causal connection between that breach and the injury. All seem to agree on the rule as set out herein as to the high degree of care and foresight required of carriers, though not to the extent of making them insurers. Such would be the case herein if we were to reverse the trial court's judgment." (Emphasis supplied.)

This recent decision of the Iowa Supreme Court is, we think, a conclusive answer to the contention that the doctrine of res ipsa loquitur may be invoked on the mere showing that the relationship of passenger and carrier existed at the time of sustaining injury. In the instant case there was no proof that the carrier had control of the instrumentality causing plaintiff's injury and, hence, no proof of negligence on its part, and the proof otherwise fell far short of establishing facts warranting the application of the doctrine of res ipsa loquitur. Under the teaching of the Fanelli case, supra, to warrant the application of the doctrine of res ipsa loquitur there must be proof that the defendant had exclusive control of the instrumentality causing the injury and a breach of some duty by the defendant which had a causal connection with the injury.

We conclude that the court committed no error in directing a verdict in favor of the defendant and in entering judgment pursuant to the verdict so directed. The judgment appealed from is therefore affirmed.