Mrs. Josetta I. HOLEMAN, a feme sole, Appellant,

v.

The GREYHOUND CORPORATION, Appellee.

No. 14669.

Court of Civil Appeals of Texas.

Houston.

Nov. 18, 1965.

Rehearing Denied Dec. 9, 1965.

508

James C. Brady, W. Jiles Roberts, Houston, for appellant.

Robert J. Malinak, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit to recover damages for personal injuries sustained by the appellant while a passenger on a motor bus owned by appellee enroute from Houston, Texas to Tulsa, Oklahoma. The injuries were received by appellant when baggage fell from an overhead luggage rack onto her neck and back. At the conclusion of appellant's testimony the trial court withdrew the case from the jury and rendered judgment for appellee.

It is appellant's contention that there was sufficient evidence to require that the case be submitted to the jury either on the theory that appellee was negligent in (1) failing to warn plaintiff that the baggage (canned goods and other grocery items) was not properly stowed; (2) failing to stow the baggage properly so as to prevent the same falling onto or against her in violation of a regulation issued by the Interstate Commerce Commission of the United States of America [49 C.F.R. § 193.9(d)], reading: "All baggage, freight, or express carried in any bus shall be so loaded as not to interfere with the free and ready entering or leaving such bus, and shall be so stowed as to prevent falling onto or against any passenger."; (3) failing to provide a reasonably safe bus for plaintiff to ride; or, in the alternative, under the doctrine of res ipsa loquitur.

Since this case was withdrawn from the jury, we must view the facts, and such inferences as may reasonably be drawn therefrom, in the light most favorable to the

plaintiff, and we must disregard conflicts in the evidence and unfavorable evidence which a jury could properly refuse to accept. It is our duty to determine whether there is evidence raising issues of fact. Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616.

Appellant was a fare paying passenger in interstate commerce. She boarded the bus in Houston, Texas, and finding the luggage rack filled, placed her overnight bag under her seat. She did not notice any improperly stowed luggage at that time or at any time during the trip prior to the accident. Some nuns boarded the bus, probably at Waco, Texas, and placed some sort of parcel in the baggage rack. Sometime thereafter, but not less than one hour, and probably after a stopover at Dallas, Texas, some cans of fruit juice, and a box containing other grocery items, including eggs, fell and hit appellant, who was leaning forward while resting, on the neck and back. Appellant did not report the incident at the time, but did complain of pain to a fellow passenger. The nuns cleaned up the mess made by broken eggs, put the other items back in the box and put the box under their seat. When they left the bus, they took the box with them.

There is no testimony that anyone noticed any parcels improperly stowed in the luggage rack prior to the accident. There is testimony that the rack was the kind usually found in buses. The bus driver testified that items such as canned fruit juice should be stowed in the luggage compartment under the bus. There is no testimony that the driver saw the box of groceries, assisted in placing it in the rack, or that the box was open when taken aboard the bus or at the time of the accident. The box was about the size of appellant's overnight case, being about 19″ by 12″ by 9″ in dimensions. There was no unusual movement or motion of the bus immediately prior to the accident. Aside from medical evidence only appellant and one of her fellow-passengers testified. Portions of the bus driver's deposition were read into evidence, and the trial court was requested to take judicial notice of the I.C.C. regulation.

There is no evidence that the driver had actual knowledge of the contents of the box or of the fact that it was improperly stowed, if it was. Before appellee could be found guilty of negligence in failing to warn appellant that the box was improperly stowed or in failing to provide a reasonably safe bus, the driver must have had actual knowledge of the danger or must have been charged with knowledge of facts from which danger reasonably could have been anticipated.

The Supreme Court of Texas set out certain principles of law applicable to this case in Airline Motor Coaches v. Caver, 148 Tex. 521, 226 S.W.2d 830. In the opinion Justice Garwood said that, within reasonable limits, a passenger is entitled to bring luggage or packages with him into a motor bus, and that there was no duty on the carrier to open boxes or sacks to examine the contents, but he said that negligence may arise where the luggage somehow comes to create a dangerous situation of which the carrier's agents knew or would have known if they had fulfilled their duty of properly inspecting or policing the vehicle.

It is also the rule in Texas that public transportation companies are not insurers of the safety of their passengers, but they are required to exercise such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances. International & G. N. Ry. Co. v. Halloren, 53 Tex. 46; Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Fuller v. Southwestern Greyhound Lines, Inc., Tex.Civ.App., 331 S.W.2d 455, ref., n. r. e.

Applying the meager evidence in this record to the specific allegations of negligence found in appellant's petition with these settled principles of law in mind, we find no evidence that appellee failed to provide a reasonably safe bus. The only testimony bearing on this question is that of the bus driver who stated that he did not know whether the rubber line, installed to prevent luggage from falling out of the baggage rack, was loose or not.

Appellant alleged that appellee was negligent in failing to warn her that the baggage or grocery items above her were not properly stowed. There is no evidence that the cardboard box containing the groceries was open other than the fact that the cans fell before the box did. While an inference might be drawn that the box was not securely fastened, there is no evidence that there was no lid. A careful inspection of the baggage in the luggage rack would not have revealed, necessarily, the nature of the contents of the box since there is no duty on appellee to open containers. Airline Motor Coaches v. Caver, supra. The duty to warn would arise only if a dangerous condition existed, and was known to appellee, or if it could have been discovered by appellee in making such inspections during the course of the trip as would have been made by very cautious, prudent, and competent persons under similar circumstances.

There is testimony that during the trip passengers were getting on and off of the bus. The luggage rack was full when the bus left Houston. The bus driver would be charged with knowledge that luggage and baggage in the rack would be disturbed from time to time and a corresponding duty to inspect for dangerous conditions developing during the trip might reasonably be placed on him.

While ordinarily no inference of negligence arises from the fact that an accident happens, the fact that cans fell from a box in the luggage rack, and that soon thereafter the box fell, is some evidence from which an inference that the box was not securely

stowed might be drawn. This fact together with testimony that no unusual movement of the bus preceded the incident, and that the luggage rack was of adequate size to accommodate the box and was equipped with a line to prevent such packages from falling, was sufficient to raise a question of fact as to whether or not the box was improperly stowed immediately prior to the accident.

■ The question then arises as to whether this condition existed for such length of time that it should have been known to the driver of the bus. The testimony is to the effect that the box was placed in the rack at least one hour before it fell. The bus stopped in Dallas and passengers got on and off there. There is no testimony that anyone realized that it was not placed in a safe position at any time prior to the time it fell. There is no testimony concerning the time that passed after the bus left Dallas and before the box fell. There is no testimony that passengers did, or did not, get up while the bus was in motion and disturb or rearrange the articles previously placed in the luggage rack. With the record in this state, it would be pure speculation to attempt to determine whether the box had been insecurely stowed for any particular length of time. There is no evidence to require that an issue be submitted on constructive notice of the dangerous condition, if any, existing immediately prior to the incident of which complaint is made. Therefore, appellee was under no duty to warn appellant that the baggage above her was improperly stowed.

Finally, appellant pled that appellee had a non-delegable duty to so stow the baggage, luggage and parcels in the rack that they would not fall onto or against a passenger because of the I.C.C. regulation previously quoted.

■ In Marshall v. Isthmian Lines, Inc., U. S. Ct. of App., 5th Cir., 334 F.2d 131, the Court said: "The law is well established that violation of a statute which is intended to protect the class of persons to which a

plaintiff belongs against the risk of the type of harm which has in fact occurred is negligence in itself. Prosser, Torts § 34, at 161 (2d ed. 1955); Restatement, Torts § 286 (1934)." There is evidence raising an issue of fact as to a violation of this regulation, designed to protect passengers against the kind of harm that occurred here. Marshall v. Isthmian Lines, Inc., supra; Provenza v. American Export Lines, Inc., U. S. Court of Appeals, 4th Cir., 324 F.2d 660.

In the last case cited above the Court said:

"It follows, of course, that if the jury should find that the stevedore had violated the regulations such conduct could also constitute negligence. If in turn this negligent conduct of the stevedore were known, or by the exercise of reasonable care should have been known to the shipowner, and such negligence of the shipowner was a proximate cause of the plaintiff's injury, then he too would be liable to the plaintiff on the additional grounds of negligence."

In Montgomery v. Virginia Stage Lines, U. S. Court of Appeals, 89 U.S.App.D.C. 213, 191 F.2d 770, the regulation involved in this suit was discussed, and in the course of the opinion the Court said:

"The regulations were not called to the attention of the court. But the requested instructions themselves contain the substance of the regulations. That the particular regulation stating the duty was not invoked or introduced in evidence did not relieve the court of the obligation to instruct, on request, as to the duty which existed. Lilly v. Grand Trunk R. Co., 1943, 317 U.S. 481, 488–489, 63 S.Ct. 347, 87 L.Ed. 411. General instructions on negligence and proximate cause became insufficient in the face of requests that the court be more specific on an important phase of defendant's obligation to passengers for the safe stowage of baggage,

since the alleged injuries resulted from the fall of baggage.

"*    *    *

"Though it be assumed plaintiff was herself negligent in placing the bag in the rack, nevertheless she was entitled upon request to a charge that if this occurred *with knowledge of the driver* and he *had ample opportunity thereafter to correct the situation* but failed to do so (compare Williams v. New Jersey-New York Transit Co., 2 Cir., 1940, 113 F.2d 649; Merritt v. Interstate Transit Lines, 8 Cir., 1948, 171 F.2d 605), they might find there was negligence on the part of the defendant and that, *if this negligence was the proximate cause of the accident*, she should recover if injury resulted."

This regulation was also considered in Ninni v. Pennsylvania Greyhound Lines, D.C., 97 F.Supp. 357, where the Court said:

"These requirements must be given a reasonable interpretation in the light of the situation presented, and where, as here, the bus driver is necessarily absent from a parked bus for a few minutes, the bus company is not required to keep up a continuous inspection of the bus and of the actions of normal passengers to insure that passengers do not momentarily place luggage in the aisle. The bus driver must have a reasonable time and opportunity to see that baggage is so loaded as not to interfere with the free and ready entering or leaving of such bus. In this case, the driver was necessarily absent and had neither reasonable time or reasonable opportunity to clear the aisle between the time a fellow passenger deposited his suitcase in the aisle and the time when plaintiff stumbled over it seconds later."

In Rudes v. Gottschalk, 159 Tex. 552, 324 S.W.2d 201, the Court said:

"And even while accepting a statutory standard of negligence in lieu of that of the ordinarily prudent man, we still retain the test of foreseeability of harm before liability is imposed under the doctrine of negligence

per se. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587.

" *    *    *

"We may perhaps safely say that legal liability will not attach to an act or omission unless the alleged wrongdoer could have reasonably anticipated probable harm from his conduct."

Even though there should be in this case evidence raising issues which could establish that appellee was guilty of negligence per se, before appellee can be held in damages proof must be produced sufficient to raise an issue of fact as to whether such negligence is a proximate cause of the injury sustained. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587.

■ There is no evidence in this case that appellee knew of the dangerous condition or had a reasonable time in which to discover and remedy the situation. Appellee, therefore, could not have reasonably anticipated or foreseen that harm might befall appellant by reason of anything which it did or failed to do. There is no basis in the evidence for an issue on proximate cause.

■ The doctrine of res ipsa loquitur was raised by an alternative pleading. Before that doctrine can be the basis for liability the evidence must show that the instrumentality causing the injury was in the exclusive control of the defendant. No such control was exercised by appellee over the luggage of its passengers. Welliver v. Lone Star Gas Co., Tex.Civ.App., 260 S.W.2d 70, writ ref.; Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659.

Decisions from other jurisdictions have held res ipsa loquitur inapplicable in similar cases. Talbott v. Chicago & Northwestern Railway Co. (8th Cir. 1957), 243 F.2d 322, 68 A.L.R.2d 661; Merritt v. Interstate Transit Line (8th Cir. 1948), 171 F.2d 605;

Creahan v. Pennsylvania R. Co. (1936), 123 Pa.Super. 268, 187 A. 51; Stimson v. Milwaukee, L. S. & W. Ry. Co., (1890) 75 Wis. 381, 44 N.W. 748.

The judgment is affirmed.