BARHAM, Judge.
Plaintiff instituted this action to recover damages for personal injuries sustained by her and alleged to have been caused by the negligence of the defendant, a public carrier, while plaintiff was a fare-paying passenger. Plaintiff was being transported by the defendant on a passenger train which she had boarded in Shreveport, Louisiana. The train was en route to New Orleans and the estimated elapsed time for the entire trip was six hours and fifty-five minutes. When the train was passing a point just south of Gramercy, approximately one hour from its final destination, a suitcase fell from an overhead luggage rack above plaintiff’s seat and struck and injured plaintiff. Plaintiff alleged specific acts of negligence on the part of the defendant in failure to inspect for proper storage of passenger luggage and failure to assist in safely storing luggage. The district court rejected plaintiff’s demands and she has perfected this appeal.
The appellant assigned as special error of the trial court its failure to find (1) that the railroad employees should have discovered the dangerous position of the luggage which fell, or had actual knowledge of the condition; (2) that the defendant railroad had not discharged its burden of proof of complete lack of the slightest negligence; and (3) that the railroad facilities for storage of luggage were unsafe and faulty in design.
The following facts are either admitted or are not greatly in dispute. The plaintiff was in a seat on the aisle of a modern, almost new, passenger car. Plaintiff had noted one piece of luggage above her head when she boarded the train in Shreveport. She only observed the rack or luggage above her seat upon one other occasion after boarding the train and that was shortly after the train had departed Shreveport. At the time of the accident plaintiff was “dozing” with her head resting upon the arm of her seat. It is not contradicted that a bag fell from the luggage rack above her seat which struck her upon the head and caused the injuries she complained of. Plaintiff was traveling with her twenty-seven year old son, who observed the suitcase fall and strike his mother. He had not observed the suitcase which fell as being stacked upon other luggage prior to the accident. However, his testimony is that this suitcase fell from a position on top of another piece of luggage in the overhead baggage rack. It is not contended that the train movement was unusual or that its movement in any unusual fashion caused the luggage to fall. The contention is simply that the luggage was improperly stored and that defendant’s employees had knowledge, or should have had knowledge, of this condition and that they were negligent in allowing such a condition to exist.
The general rule which expresses the degree of care required of a common carrier is that it should exercise the highest degree of care, skill and diligence and is liable for the slightest negligence. 13 C.J.S. Carriers § 678, p. 1255; 10 Am.Jur., Carriers, § 1245, p. 163; Johnson v. Continental Southern Lines, Inc., La.App., 113 So.2d 114, 74 A.L.R.2d 1328 (2d Cir.1959).
The rule of evidence applicable to cases involving injury of fare-paying passengers on public carriers where the accident occurs from some defect in the vehicle or to its equipment is that the carrier must exculpate itself from any negligence *793 m that respect. Martin v. Interurban Transportation Co., Inc., 15 La.App. 256, 131 So. 514 (2d Cir.1930); Jones v. Baton Rouge Electric Co., La.App., 192 So. 539 (1st Cir.1939).
The 'doctrine of res ipsa loquitur, or the above stated doctrine applicable to common carriers which is sometimes stated only as “exculpation from negligence”, is generally held inapplicable where the injury complained of results from the fall of baggage or other objects overhead. Talbott v. Chicago & Northwestern Railway Co., 243 F.2d 322, 68 A.L.R.2d 661 (8th Cir.1957); 68 A.L.R.2d 679.
Louisiana law has made an exception to the general rules applicable to public carriers where injury results from foreign substances placed in the aisles or on the floors by third parties. Johnson v. Continental Southern Lines, Inc., supra; Jones v. Baton Rouge Electric Co., supra.
In the instant case a discussion of the rules of evidence in regard to the burden of proof is not necessary for a decision. A precise finding of the degree of care imposed upon the carrier is not necessary for a decision. The uncontroverted evidence in the case is that the luggage which fell upon plaintiff was placed in the rack by a party unknown. It. is further uncontroverted that two of defendant’s employees repeatedly and periodically made inspections of the car and of the luggage racks. They had no actual knowledge of one suitcase being stacked upon another in the luggage rack. They exercised every duty and care to inspect and to prevent such an occurrence. The trial court in its factual finding determined that they had neither actual nor constructive knowledge of the condition.
“Generally, a carrier is not liable for injuries to a passenger caused by the fall of baggage which has been improperly or insecurely placed in an overhead luggage rack unless the carrier’s employees who have the duty of safeguarding passengers had actual knowledge that the baggage was placed in the rack in such a manner that it was likely to fall and injure some passenger, or unless the condition creating such danger existed a sufficient length of time to show constructive notice.” 68 A.L.R.2d 678.
There is no proof of defendant’s negligence and it has, in fact, exculpated itself from any negligence. Without determining that defendant should respond in the instant case under the theory of res ipsa loquitur, our factual determination is that were such doctrine applicable, the requisite burden has been discharged.
The finding of the trial court is affirmed with costs of this appeal cast against the appellant.